**Fred Arthur BRINDLEY, II, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46723.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

William R. Magnussen, Fort Worth, for appellant.

Tim Curry, Dist. Atty., W. A. Knapp, W. W. Chambers and R. W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of sale of marihuana. The court assessed punishment at twenty-five years.

Appellant's counsel has filed a brief in which he states that the appeal is frivolous. In compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), a copy of the brief was served on appellant.

In a pro se brief, appellant contends that the State has failed to meet the requirements of Section 2A of Article 723b, Vernon's Ann.P.C., because it has failed to corroborate the offer to sell by a person other than the offeree. He argues that the only evidence in the record to corroborate the sale is the undercover agent's testimony.

Section 2A of Article 725b, supra, amended in 1971, reads as follows:

"It shall be unlawful for any person to manufacture, possess, have, control, sell, prescribe, administer, dispense, compound, offer to sell, or offer to buy any narcotic drug. *Proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree.*" (Emphasis supplied)

The statute provides that proof of an offer to sell must be corroborated. This provision is not applicable to the present case, because the State did not rely upon mere offer to sell. The Legislature did not provide that where an actual sale is proved

that evidence of the sale must be corroborated.

Appellant has raised several other grounds of error in his pro se brief. We have considered each of these grounds and find them to be without merit and shall not discuss them here.

No error has been shown. The judgment is affirmed.