IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-220-CR





TODD ROBERT CARMAN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-91-302, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING



 




PER CURIAM



 Indicted for the capital murder of two persons, appellant pleaded no contest to two
counts of murder. Tex. Penal Code Ann. § 19.02 (West 1989). The district court adjudged him
guilty on both counts and assessed punishment for each at imprisonment for life.

 Appellant's court-appointed attorney filed a brief in which she concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief. A pro se brief has been filed.

 Appellant's first pro se point of error is that the district court erred by failing to
mitigate punishment based on evidence of temporary insanity due to intoxication. Tex. Penal
Code Ann. § 8.04(b) (West 1974). It was undisputed that appellant was under the influence of
either amphetamine, lysergic acid diethylamide, or both at the time of the offenses. A
psychologist who examined appellant concluded that appellant was suffering from a severe mental
defect at the time of the offenses and did not know that his conduct was wrong. See Tex. Penal
Code Ann. § 8.01(a) (West Supp. 1994). 

 Section 8.04(b) permits the mitigation of punishment when there is evidence of
temporary insanity due to voluntary intoxication, but it does not require it. There is nothing in
the record to indicate that the district court did not consider the evidence of appellant's
intoxication before assessing punishment. The court's determination that mitigation was not
warranted does not constitute error. Point of error one is overruled.

 Appellant's second pro se point of error alleges ineffective assistance of trial
counsel. Specifically, appellant complains that his attorney did not object to evidence of future
dangerousness. The psychologist's report referred to above contained the conclusion that there
was a probability that appellant would commit criminal acts of violence that would constitute a
continuing threat to society. The woman with whom appellant was living at the time of the
murders, who was also shot during the same episode, testified that she was afraid of appellant and
did not want him to know where she lived. Another witness who was acquainted with appellant
gave similar testimony. Appellant contends his trial counsel was ineffective for failing to object
to this evidence. See Reed v. State, 644 S.W.2d 479, 481 (Tex. Crim. App. 1983) (evidence of
future dangerousness not admissible in noncapital case).

 Because appellant was relying on the psychologist's report to support his claim of
temporary insanity due to intoxication, trial counsel could have concluded that the remainder of
the report was admissible under the rule of optional completeness. Tex. R. Crim. Evid. 107. 
Even if we assume that the testimony complained of was inadmissible, counsel's failure to object
to it does not warrant the conclusion that trial counsel was ineffective. The question presented
is whether counsel rendered reasonably effective assistance. Ex parte Cruz, 739 S.W.2d 53, 58
(Tex. Crim. App. 1987). Under this standard, a defendant is not entitled to errorless counsel and
an attorney's effectiveness is gauged by the totality of the representation. Id. The burden of
proving ineffective assistance by a preponderance of the evidence is on the appellant. Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). Having examined the record and
considered the totality of counsel's representation, we find that appellant has not met that burden. 
Point of error two is overruled. 

 The judgments of conviction are affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: June 29, 1994

Do Not Publish