COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

TROY LYNN
SAMPLE,                                      )                    No. 
08-02-00131-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      142nd District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of Midland County, Texas

                                                                              )

Appellee.                           )                           (TC# CR25019)

 

 

O
P I N I O N

 

Troy
Lynn Sample appeals from an order revoking community supervision. Finding the
appeal to be frivolous, we affirm.

FACTUAL SUMMARY

On
March 4, 1999, Appellant was charged with the felony offense of driving while
intoxicated.  On June 1, 1999, he was
charged with failure to appear for a felony charge.  The trial court found him guilty of both
offenses and sentenced him to ten years=
confinement, probated for seven years on community supervision, with the
sentences to run concurrently.  As part
of the terms and conditions of release, the court imposed 160 hours of
community service in each of the causes. 
Appellant was ordered to report at least once a month for twenty-seven
months and to perform ten hours of service per month.  He failed to appear between
July 2001 through December 2001.








While
serving his community supervision, Appellant was charged with two separate
alcohol related offenses.  On October 2,
2001, he was charged with failing to stop and exchange information, failure to
render any assistance to the scene of an accident, and public
intoxication.  A few weeks later, he was
arrested when police responded to a possible burglary in process.  Appellant was apparently intoxicated and was
trying to enter his former wife=s
house.

After
a warrant was issued and Appellant was arrested for these alcohol related
offenses which violated the terms and conditions of probation, the State filed
a motion to revoke.  Following a
contested hearing, the trial court found that Appellant had violated the terms
and conditions of community supervision and revoked its prior order of
community supervision.  Punishment was
assessed at ten years=
confinement in the Texas Department of Criminal Justice Jail Division.  We affirm.

FRIVOLOUS APPEAL

Appellant=s court-appointed counsel has filed a
brief in which he has concluded the appeal is wholly frivolous and without
merit.  The brief meets the requirements
of Anders v. California, 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed.2d 493, reh. denied, 388 U.S. 924, 87 S.Ct.
2094, 18 L.Ed.2d 1377 (1967), by advancing contentions which counsel says might
arguably support the appeal.  See High
v. State, 573 S.W.2d 807 (Tex.Crim.App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex.Crim.App. 1974); Jackson
v. State, 485 S.W.2d 553 (Tex.Crim.App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). 
A copy of counsel=s
brief has been delivered to Appellant, and Appellant has been advised of his
right to examine the appellate record and file a pro se brief.  No pro se brief has been filed.








We
have carefully reviewed the record and counsel=s
brief and agree that the appeal is wholly frivolous and without merit.  Further, we find nothing in the record that
might arguably support the appeal.  A
discussion of the contentions advanced in counsel=s
brief would add nothing to the jurisprudence of the state.  The judgment is affirmed.

 

 

December 5, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)