# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00368-CR

**Kerwin Pennick, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 9024023, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Kerwin Pennick guilty of retaliatory assault with a deadly weapon and assessed punishment at imprisonment for life. Tex. Pen. Code Ann. ' 22.02(a)(2), (b)(3) (West 2003). Appellant=s court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by advancing a contention which counsel says might arguably support the appeal. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Counsel urges that the evidence is arguably insufficient, both legally and factually, to support the jury=s finding that appellant assaulted the complainant in retaliation against or on account of her service

as a prospective witness or person who had reported the occurrence of a crime. Appellant makes the same argument in a pro se brief.

The evidence shows that appellant and the complainant had a romantic relationship that ended in December 2000. On February 18, 2001, appellant attended the complainant=s birthday party and accompanied her home. They argued, and appellant attacked the complainant with a knife. Appellant continued the attack even as the complainant called the police, and he did not stop the attack until officers arrived and arrested him. Appellant was released from jail in March. Thereafter, appellant called the complainant on the telephone almost daily, and occasionally appeared at her house. Many of appellant=s calls were Augly and he would start cussing.@ On April 17, 2001, appellant was waiting outside the complainant=s house as she left for work. He attacked her with his fists and with an ax. The complainant=s son intervened and appellant fled. Appellant continued to make threatening and abusive telephone calls to the complainant until he was arrested one week later.

Applying the appropriate standards of review, we conclude that the evidence is both legally and factually sufficient to support the jury=s finding that the April 17 assault was in retaliation for the complainant=s report of the February 18 assault. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (standard of review for legal sufficiency); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (standard of review for factual sufficiency). Although there is no evidence that appellant made any express statement manifesting a retaliatory purpose for the April 17 attack, it is significant that appellant began the harassing telephone calls to the complainant immediately after he was released from jail following the February assault. *See Angelo*

2

*v. State*, 977 S.W.2d 169, 173-75 (Tex. App.CAustin 1998, pet ref=d). From this, the jury could reasonably infer that the April 17 assault was motivated, at least in part, by appellant=s desire to retaliate against the complainant for having reported his earlier attack to the police.

Having reviewed the record and the briefs, we conclude that there is no meritorious ground for appeal. Counsel=s motion to withdraw is granted.

The judgment of conviction is affirmed.


Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: March 20, 2003

Do Not Publish