# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00045-CR

**Quincey Dontee Dever, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT NO. 55078, HONORABLE JOE CARROLL, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Quincey Dontee Dever pleaded guilty to possessing more than four grams of cocaine with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d) (West 2003). He also pleaded true to the allegation of a previous felony conviction. The court adjudged him guilty and sentenced him to twenty-three years in prison.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant also filed a pro se brief. In it, he urges that his guilty plea was involuntary because the court erroneously told him that he was eligible for probation. Appellant argues that because he admitted to a previous felony conviction, he was subject to a minimum fifteen-year prison term and hence ineligible for probation. *See* Tex. Pen. Code Ann. § 12.42(c)(1) (West Supp. 2004); Tex. Code Crim. Proc. Ann. art. 42.12, § 3(e)(1) (West Supp. 2004).

The record reflects that the court first admonished appellant regarding the range of punishment applicable to an unenhanced first-degree felony. The court then told appellant that if the enhancement allegation were found true, the range of punishment would be fifteen years to life. Appellant expressed his understanding of the possible punishment ranges. Later, after confirming that there was no plea bargain, the court told appellant, "[T]his would be an open plea where you could be sentenced to the penitentiary or you could be placed on a probation. Is that your understanding?" Appellant replied, "Yes, ma'am."[1] The court thereafter accepted appellant's pleas, found that the evidence was sufficient to convict, and found the enhancement allegation to be true. The court then ordered a presentencing report. Six weeks later, appellant was adjudged guilty and sentenced.

At the time the appellant was admonished and the possibility of probation was mentioned, no finding had been made as to the truth of the enhancement allegation. Moreover, there is no evidence that appellant's guilty plea was motivated by an expectation of probation, whether based on the trial court's remark or his counsel's advice. To the contrary, the clerk's record contains

---

[1] Appellant's guilty plea was taken by the Honorable Martha J. Trudo.

a letter appellant wrote to the trial judge following his conviction in which he states that he did not expect to receive probation. Appellant's guilty plea is not shown by this record to be involuntary.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: September 23, 2004

Do Not Publish

3