Opinion issued June 1, 2006








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00073-CR




ROBERT LAWRENCE CASHAW, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 959880




MEMORANDUM OPINION
          Appellant, Robert Lawrence Cashaw, appeals from a conviction for the first-degree felony offense of possession with intent to deliver a controlled substance,
cocaine, weighing, in the aggregate, 400 grams or more. See Tex. Health & Safety
Code Ann. §§ 481.102(3)(D), 481.112(a), (f) (Vernon 2003). Appellant pleaded not
guilty. The trial court found appellant guilty and assessed punishment at 30 years’
confinement in prison.
          Appellant’s counsel on appeal has submitted a brief stating his professional
opinion that the appeal is without merit and that there are no arguable grounds for
reversal on appeal. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400
(1967). Appellant filed a pro se response and a “Supplement to Appellant’s Pro Se
Brief.” Appellant’s initial response presents six issues. In his first issue, appellant
asserts that the trial court erred in denying his motion to suppress. In his second
issue, appellant asserts that he was illegally arrested because he was stopped for one
reason, but arrested for another. In his third issue, appellant contends that he did not
consent to the search of his vehicle or, alternatively, that the State did not prove his
consent by clear and convincing evidence. In his fourth issue, appellant asserts that
the trial court erred in admitting evidence that was obtained as a product of the illegal
arrest of appellant. In his fifth issue, appellant contends that the search warrant for
his apartment was invalid because it was procured by false statements and based on
the evidence obtained as a product of appellant’s illegal arrest. In his sixth issue,
appellant contends that the trial court abused its discretion (1) by determining that a
proposed expert witness for appellant was not qualified, (2) by not conducting a
Franks


 hearing, and (3) by denying a continuance. In his supplemental response,
appellant additionally asserts that (1) the search of his car was not a legal inventory
search and (2) he received ineffective assistance of appointed trial counsel and of
appointed appellate counsel. We have reviewed the record and, having found no
reversible error, we affirm appellant’s conviction.
Background
          A confidential informant received information that drugs were being sold from
a used car business. The informant conveyed the information to Officer Vanderberry,
who began an investigation of the business, Cashaw Motors. Vanderberry later
learned that appellant was the owner of the business.
          On August 27, 2003, another narcotics officer, Officer Sinegal, called
appellant, pretending to be a potential customer. Vanderberry and Sinegal set up
surveillance on two different routes to appellant’s business. The officers also
arranged for a marked patrol car to be available nearby, but to remain out of sight
until called. As appellant approached his business, Vanderberry observed appellant
driving without a seatbelt, driving without a front license plate, and failing to signal
a turn. Vanderberry related this to the patrol officer, Officer Dombrowski, who
pulled appellant over for the traffic violations. Vanderberry told appellant that he
was under investigation for narcotics and requested permission to search appellant’s
vehicle. Appellant asked if Vanderberry had a warrant. When Vanderberry replied
that he did not, appellant refused consent. At Vanderberry’s request, Dombrowski
arrested appellant for the traffic violations. Dombrowski handcuffed appellant,
placing him in the back of the patrol car.
          Sinegal read appellant his Miranda rights. See Miranda v. Arizona, 384 U.S.
436, 444–45, 86 S. Ct. 1602, 1612 (1966). Appellant gave oral consent to Sinegal,
allowing the search of his car. Vanderberry searched appellant’s car. He found 100
grams of cocaine in a briefcase on the front passenger seat. Vanderberry also found
a lease for an apartment in appellant’s name. The address of the leased premises was
different from the address that appellant had initially given the officers as his
residence. Appellant eventually admitted that the address on the lease was his
apartment.
           At appellant’s leased premises, a narcotics detection dog approached the
outside of the door and window of the apartment. The dog “alerted” at both the door
and window of the apartment. The dog in this case was an “aggressive alert” dog,
meaning that, upon detecting the odor of one of the four narcotics that it had been
trained to detect, it began scratching the area in which it found the odor. Vanderberry
obtained a search warrant for the apartment, and a search of the apartment ensued. 
The search yielded approximately 888 grams of powdered and crack cocaine, as well
as drug paraphernalia, such as beakers, scales, and plastic bags.
          Appellant filed a motion to suppress evidence, challenging the legality of his
arrest, the search of his car, and the probable cause to support the search warrant
issued for his apartment. Appellant agreed to consolidate the hearings on these issues
with a bench trial. At trial, appellant testified that he was wearing a seatbelt and that
Dombrowski told him that he had been stopped because he did not have a front
license plate. Appellant testified that he did not give the officers consent to search his
car. Appellant also maintained that he was not read his rights until after his car had
been searched. Appellant presented witnesses who corroborated his version of
events. Appellant also called a former dog handler to testify as an expert and to state
the opinion that the narcotic detection dog was not reliable, but after hearing the
expert’s testimony, the trial court ruled that he was not qualified as an expert and that
he did not show that the dog was not reliable. Further, appellant produced testimony
from a neighbor who stated that the drug detection dog did not alert at appellant’s
apartment door or window. 
Anders Procedure
          The brief submitted by appellant’s court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and
that any appeal would, therefore, lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). Appellant’s counsel sent a copy of the brief to appellant, requested permission
to withdraw from the case, and notified appellant of his right to review the record and
to file a pro se response. The State waived its opportunity to file a reply to the
arguments presented in appellant’s pro se response.
          When we receive an Anders brief from a defendant’s court-appointed attorney
who asserts that no arguable grounds for appeal exist, we must determine that issue
independently by conducting our own review of the entire record. See Anders, 386
U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is “wholly
frivolous”); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting
same passage from Anders). In conducting our review, we consider any pro se
response that the defendant files to his appointed counsel’s Anders brief. See Bledsoe
v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005). 
          Our role in this Anders appeal, which includes reviewing a pro se response by
appellant, is limited to determining whether arguable grounds for appeal exist. See
Bledsoe, 178 S.W.3d at 827. If we determine that arguable grounds for appeal exist,
we must abate the appeal and remand the case to the trial court to allow the court-appointed attorney to withdraw. See id. The trial court must then either appoint
another attorney to present all arguable grounds for appeal or, if the defendant wishes,
allow the defendant to proceed pro se. See id. We do not rule on the ultimate merits
of the issues raised by appellant in his pro se response. Id. If we determine that there
are arguable grounds for appeal, appellant is entitled to have new counsel address the
merits of the issues raised. Id. “Only after the issues have been briefed by new
counsel may [we] address the merits of the issues raised.” Id. 
          If, on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826–28. The holding that there are no arguable
grounds for appeal is subject to challenge by an appellant by a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827 & n.6. 
          In accordance with Anders and Bledsoe, we have reviewed the record,
appellant’s appointed counsel’s Anders brief, and appellant’s pro se response to that
brief and conclude that no reversible error exists. Having reached that conclusion,
we affirm the judgment of the trial court and grant appellant’s appointed counsel’s
motion to withdraw.



Conclusion
          We affirm the judgment of the trial court and grant appointed counsel’s motion
to withdraw. 
 
                                                                                  Elsa Alcala
                                                                                  Justice
 

Panel consists of Justices Keyes, Alcala, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).