**Bobby Lee GAINOUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41743.**

Court of Criminal Appeals of Texas.

Jan. 15, 1969.

Joe E. Turner, Houston (on appeal only) for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James A. Moseley, Asst. Dist. Attys., Houston, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced under the provisions of Art. 62, Vernon's Ann.P.C., twelve (12) years.

Sentence was imposed on June 30, 1967, and notice of appeal was given. On the same date, appellant filed a pauper's oath and counsel on appeal was appointed.[1]

Such counsel, Honorable Joe E. Turner, after an examination of the record found the appeal to be frivolous and without merit. Aware of his duties as prescribed by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493,[2] counsel, in

---

1. Court appointed appellate counsel's brief indicates that appellant was represented by court appointed trial counsel, but there is nothing in the record before us to indicate that trial counsel was so appointed.

2. In Anders the United States Supreme Court, in discussing the duty of court appointed counsel on appeal, said:

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. * * * His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.

That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

light of Texas appellate procedure, has utilized as near perfect procedure as this writer has observed.

It is noted that Attorney Turner filed an appellate brief in the trial court as required by Article 40.09, Sec. 9, Vernon's Ann.C.C.P. In said brief counsel points out that after a diligent review of the record and the law applicable thereto, he has concluded that the appeal is wholly without merit. Nevertheless, in light of Anders, he assigned three grounds of error that might arguably support the appeal and furnished a copy of the brief to the indigent appellant to allow him to raise any grounds of error that he chose. Thereafter, the careful trial judge made available to appellant the entire record on appeal[3] and the appellant filed his own brief in the trial court. In said brief appellant urged the same three grounds contained in his counsel's brief and in addition he requested other counsel.

The record was subsequently forwarded to this Court when the trial court failed within the time limits prescribed by Article 40.09, Sec. 12, V.A.C.C.P., to grant the appellant a new trial.

After a thorough examination of the entire record before us, we find ourselves in full accord with counsel's conclusion that this appeal is frivolous and find none of the legal points or grounds of error arguable on their merits.

■ In view of the grounds of error assigned in the trial court, we observe that the trial court did not err in failing to charge on circumstantial evidence because no objection or request in accordance with Articles 36.14 and 36.15, V.A.C.C.P., was made thereto. Even if there had been such objection or request, we do not, in light of the record, perceive any error in the court's failure to charge on circumstantial evidence. See 4 Branch's Anno.P.C., 2nd Ed., § 2555, pp. 888, 889.

■ The court sustained appellant's objection to a police officer witness' testimony as to the reputation of the Red Lilly Cue—a pool hall where the appellant was arrested. Thereafter appellant asked for no further relief in the way of jury instructions or mistrial. Thus, no error is presented for review. Nor can we agree after review of the record that appellant was deprived of the effective assistance of counsel at his trial. See Williams v. Beto, 5 Cir., 354 F.2d 698, 704; Mackenna v. Ellis, 5 Cir., 280 F.2d 592; Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

The procedure here followed after court appointed appellate counsel found the appeal to be without merit satisfies the concern expressed by this writer in his dissent in Sirls v. State, Tex.Cr.App., 432 S.W.2d 902.

The judgment is affirmed.

DOUGLAS, J., not participating.

WOODLEY, Presiding Judge, and BELCHER, Judge (concurring).

The appeal being frivolous, we concur in the affirmance of the conviction. Sirls v. State, Tex.Cr.App., 432 S.W.2d 902.

3. It appears, however, that appellant refused to examine the record in the presence of a deputy district clerk in the jail office but insisted that he be permitted to examine the record in his jail cell. This was not permitted.