**690**

John Adolphus HENTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 45001.

Court of Criminal Appeals of Texas.

March 1, 1972.

John W. Overton, Houston (On Appeal only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and A. D. McAshan, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for assault with intent to murder with malice aforethought where the punishment was assessed at three years.

On June 11, 1970, the appellant entered a plea of not guilty before a jury. At the conclusion of the evidence and after the jury had been charged but before argument of counsel, he withdrew his plea of not guilty, waived trial by jury, and entered a plea of guilty before the court. He was duly admonished as to the consequences of his plea before it was accepted. He then entered into written stipulations and made a written judicial confession which was introduced into evidence. The State offered into evidence the testimony produced by the State on direct examination of its witnesses before the jury.

The sufficiency of the evidence to sustain the plea of guilty before the court is not challenged.

Appellant's appointed counsel, having made a study of the record, has concluded that the appeal is wholly frivolous. Aware of his prescribed duties under Anders v.

California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 and the procedure recommended by this court in Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App.1969) counsel has filed a brief setting forth grounds of error which might arguably support the appeal. A copy of such brief was served upon the appellant. No pro se brief has been filed in the trial court or here.

After an examination of the record we find ourselves in accord with counsel's evaluation of the appeal and cannot conclude that the grounds of error sought to be raised have merit or that a discussion of the same would benefit the jurisprudence of the State.

The judgment is affirmed.