**Eloy M. SOLIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44775.**

Court of Criminal Appeals of Texas.

March 29, 1972.

Bruce L. Miller, Hereford, for appellant.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal results from a conviction for felony theft. The punishment was assessed by the jury at five years.

Appellant's appointed counsel on appeal, who was also appointed trial counsel, has, after an examination of the record, determined the appeal to be wholly without merit. Being aware of his duties under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 and the procedure recommended in Ganious v. State, 436 S.W. 2d 137 (Tex.Cr.App.1969), counsel has filed an appellate brief and served a copy upon the appellant. No pro se brief has been filed.

■ After an examination of the record, we conclude that the appeal is wholly without merit. The evidence is clearly sufficient to sustain the conviction and we find no unassigned error which would require review "in the interest of justice." See Article 40.09, § 13, Vernon's Ann.C.C.P.

The record reflects that on September 13, 1968, the judgment was entered and the sentencing date set for September 24, 1968. On that date appellant's counsel appeared but the appellant, who was on bond, did not appear.

On April 1, 1971, the appellant appeared in open court and sentence was pronounced. The record does not clearly account for appellant's whereabouts between the time of the judgment and sentence but does reflect that on July 29, 1969 he was convicted of a felony in Nueces County.

■ Although the court correctly imposed sentence in open court applying the indeterminate sentence law (Article 42.09, Vernon's Ann.C.C.P.), the formal sentence entered subsequently under the title of "judgment" does not. While such "judgment" is sufficient to comply with Article 42.02, Vernon's Ann.C.C.P., defining a sentence, it will be reformed and designated as a "sentence" and further reformed so as to give application to the indeterminate sentence law causing the punishment assessed to be "not less than 2 nor more than 5 years."

As reformed, the judgment is affirmed.