**Arthur PARHAM, Appellant,**

v.

**The STATE of Texas.**

**Arthur Blackshear PARHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 45521, 45522.**

Court of Criminal Appeals of Texas.

July 12, 1972.

---

John Mustachio, Houston (by appointment on appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Roland G. Woods, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These are appeals from orders revoking probation.

On November 12, 1970, appellant waived trial by jury and entered pleas of guilty before the court to two offenses of felony shoplifting. The punishment was assessed at 5 years in each case, but the imposition of the sentences was suspended and the appellant placed on probation in each case. Among the conditions of probation in each case was the requirement that the appellant "(a) commit no offense against the laws of this or any other state or the United States."

On January 20, 1971, the State filed a motion to revoke probation in each case, alleging that the appellant had violated his probationary conditions in that on November 19, 1970, he had committed the offense of felony shoplifting in the City of Houston.

On April 23, 1971, the court conducted a hearing on the motion to revoke probation. The evidence reflects that an employee of a Montgomery Ward's store in Houston saw the appellant and another man take women's coats off the rack and flee the store on November 19, 1970. Another employee, along with a security officer, gave chase. Such employee identified the appellant as one of the men who got into a car and fled the scene. He related that during the chase, coats were thrown from the car and that shots were fired at the automobile in which he and the security officer were riding. The appellant and his companion escaped. The value of the coats and lack of consent were also shown. Still another employee of the store identified appellant as the man who had taken women's coats from the same store on the day before, November 18, 1970.

The appellant testified as to an alibi and was supported by the testimony of his girl friend.

The court revoked probation in each case.

On appeal, court-appointed appellate counsel candidly states that the appeals are wholly without merit and of a frivolous nature. Aware of his duties under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the procedure recommended in Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), counsel has filed briefs in which he questions the sufficiency of the evidence to support the revocations as arguably supporting the appeals. A copy of such briefs was served upon the appellant and he has filed a pro se brief urging basically the same contention as counsel.

The contention advanced is that the alleged violation of probation occurred only seven days after probation had been granted and that "it is unlikely that a man would so soon risk his newly obtained freedom and the evidence is not actually conclusive . . . . ."

The contention is without merit.

The judgments are affirmed.

ODOM, J., not participating.