**James R. JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46353.

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

J. W. Brown, Amarillo, for appellant.

Tom Curtis, Dist. Atty. and Charles Hurd, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On July 15, 1971, the appellant waived trial by jury and entered a plea of guilty before the court to an indictment charging him with the offense of possession of marihuana. The punishment was assessed at six years but the imposition of the sentence was suspended and the appellant placed on probation subject to the following conditions:

. . . . . .

". . .

(4) Report to E. L. Booch, Courthouse, Potter County, Texas, who is hereby designated Probation Officer, as such officer may direct, but at least once each thirty days;

. . . . . .

(7) Remain within the confines of Potter, Randall and Armstrong Counties of the State of Texas during the term of his probation except by written permission of this court, to be filed with the clerk of this court;
. . . . ."

On December 27, 1971, the State filed its motion to revoke probation alleging that appellant had violated the foregoing conditions of probation by failing to report since conviction to the probation officer and had travelled to the State of Illinois without written permission of the court.

On January 6, 1972, the court conducted a hearing on such motion after which probation was revoked on the grounds alleged. Sentence was subsequently imposed and notice of appeal given.

Appellant's court appointed counsel on appeal has filed a brief in which he has concluded the appeal is frivolous and wholly without merit. Aware of his duties under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the procedure recommended in Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), he has served a copy of such brief on the appellant, who has filed a pro se brief. Such pro se brief admits there is "nothing wrong" with the brief filed by counsel and then proceeds to detail appellant's past difficulties in explaining why he violated probation, etc.

The record reflects that at the revocation hearing the appellant admitted that a copy of the revocation motion had been served upon him; that it had been explained to him by his counsel; that he understood it, and that the allegations were true. Thereafter, a written stipulation was introduced into evidence showing such violations, and the appellant then took the stand and judicially confessed to the alleged violations.

After a careful examination of the record, we conclude that the appeal is wholly without merit.

No motion for rehearing will be filed by the clerk of this court unless leave of the court has first been obtained upon a showing of good cause.

The judgment is affirmed.