**Edward Lee PATTERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45799.**

Court of Criminal Appeals of Texas.

Feb. 21, 1973.

Walter Knapp, Amarillo, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant, pleading not guilty, was convicted in a jury trial of the offense of felony theft. Jury was waived in the penalty stage, and punishment was assessed by the court at five (5) years. Appellant's motion for new trial, based solely on allegations of jury misconduct, was overruled. Appellant was duly sentenced, and gave notice of appeal. The record discloses that appellant was released on bail pending appeal.

Appellant's court appointed lawyer has filed a brief in which he states that after diligently reviewing the record and the law applicable thereto, he is of the opinion that the appeal "is of a wholly frivolous nature."

The record on appeal contains a certificate duly signed and sworn to by appellant on March 27, 1972, which, after stating the style and trial court number of the case, reads:

"I here certify that I was furnished with a copy of the Appellant's Brief, Statement of Facts and Transcript in the above entitled and numbered cause and I have had sufficient time to ex-

amine said instruments and that I do not have anything to add to the Appellant's Brief.

"Executed this 27th day of March, 1972.

/s/ Edward Lee Patterson[1]
EDWARD LEE PATTERSON

"SUBSCRIBED AND SWORN TO BEFORE ME this the 27th day of March, 1972.

/s/ Donna C. James
Notary Public,
Potter County, Texas"

No pro se brief has been filed.

We find the procedure to be in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Cr.App.1969). See also Johnson v. State, 490 S.W.2d 587, (Tex.Cr.App.1973) this day delivered. We have examined the record and agree that the appeal is wholly without merit.

The judgment is affirmed.

Opinion approved by the Court.

---

1. The practice of having the defendant so certify is a commendable one, and is recommended to the trial judges of this State.