NOS. 12-00-00051-CR


 12-00-00052-CR


IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


KEVON JOHNSON,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 On September 4, 1997, Kevon Johnson ("Appellant") was charged with aggravated assault
in cause numbers 114-81328-97 (appeal number 12-00-00051-CR) and 114-81329-97 (appeal
number 12-00-00052-CR) in the 114th District Court in Smith County. (1) Appellant pleaded guilty
in both cases in exchange for the State's agreement to recommend ten years of deferred adjudication
for each offense. The trial court accepted Appellant's guilty pleas, deferred further proceedings
without entering a finding of guilt, and placed Appellant on community supervision for ten years in
each case. We affirm.

 On December 7, 1999, the State filed an Application to Proceed to Final Adjudication in each
case, alleging that Appellant had violated several conditions of his community supervision. Prior
to the hearing on the applications, the State filed a Motion to Cumulate Sentences and a Motion to
Proceed to Final Adjudication Separately in each case. The Motion to Proceed to Final Adjudication
Separately was granted in cause number 114-81328-97.

 At a hearing on December 20, 1999 in cause number 114-81329-97, the trial court found that
Appellant had violated the conditions of his community supervision. The court then revoked
Appellant's community supervision, found him guilty of aggravated assault, and made an affirmative
finding on the use of a deadly weapon. The result was the same at the hearing in cause number 114-81328-97, which was held on the same date.

 In two separate hearings on December 31, 1999, the court sentenced Appellant to twenty
years of imprisonment and assessed a $5,000 dollar fine in each case. (2) The court also cumulated the
sentences as permitted by Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2001). The
Judgment Revoking Probation in cause number 114-81328-97 provides that the sentence assessed
in that case "shall begin immediately upon the completion of the sentence assessed in cause number
114-81329-97." After assessing punishment, the court entered an order in each case granting
Appellant permission to appeal "the cumulation portion of the sentence." Appellant gave proper
notice of appeal.

 Appellant's court-appointed attorney filed a brief in each case in which he states that the
appeal of the cumulation of Appellant's sentences is frivolous and without merit. Counsel also states
that he has delivered a copy of each brief to Appellant and has advised him of his right to examine
the appellate record, his right to file a pro se brief, and of the filing deadline. Appellant has not filed
a pro se brief, and the filing deadline has now expired.

 In compliance with Anders v. California, 386 U.S. 738 (1967) and Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969), Appellant's counsel states that he has diligently reviewed
the record in this case as well as all applicable statutory and case law. He further states that based
upon his review, he is of the opinion that the record reflects no reversible error. Counsel's brief
includes a detailed chronology of the procedural history of the case as well as a professional
evaluation of the record in compliance with Anders, Gainous, and Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991). 

 Although Appellant's counsel raised no arguable issues for appeal, we are required to
independently review the record and make our own determination of the merits of this appeal. 
Stafford, 813 S.W.2d at 511. Based upon our review, we find no arguable legal issues relating to
the trial court's cumulation order and therefore conclude that the appeal is frivolous. As required
by Stafford, Appellant's counsel filed a motion to withdraw along with his Anders brief. Because
we find no reversible error after our consideration of counsel's brief and the record before us, the
judgments of the trial court are affirmed. Counsel's motion to withdraw is hereby granted.




Opinion delivered October 24, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.



























(DO NOT PUBLISH)
1. Because the procedural history of the two cases is virtually identical, we consider them together on appeal. 
 
2. The hearing in cause number 114-81329-97 was held first.