NO. 12-01-00076-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ONTRELL WASHINGTON,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 Ontrell Washington ("Appellant") appeals the revocation of his deferred adjudication probation
and the trial court's assessment of punishment at imprisonment for twelve years. Appellant's counsel
filed an Anders brief in which he states that this appeal is frivolous and without merit. We affirm.


Background


 On May 19, 1999, Appellant entered a plea of guilty to aggravated robbery. Appellant and his
counsel signed all waivers, admonishments, and a written stipulation of evidence in which Appellant
swore that all elements pleaded in the indictment were true. After admonishing Appellant and finding
that he had knowingly and intelligently waived his rights, the trial court approved the waivers and
accepted Appellant's guilty plea. The court ordered a pre-sentence investigation report and scheduled
sentencing for June 1, 1999. At the sentencing hearing, the court found there was sufficient evidence
to support both a finding of guilt and an affirmative finding of a deadly weapon. However, the court
deferred making those findings and placed Appellant on deferred adjudication probation for a period
of ten years. 

 On January 17, 2001, the State filed its First Amended State's Application to Proceed to Final
Adjudication, alleging that Appellant had violated several terms and conditions of his probation. A
hearing on the State's application was begun on January 26, 2001 and continued on January 29, 2001. 
Appellant entered pleas of true to several paragraphs in the State's application. At the conclusion of
the hearing, the trial court found all paragraphs in the State's application to be true, revoked Appellant's
probation, and found Appellant guilty of aggravated robbery. The court also made an affirmative
finding on the use or exhibition of a deadly weapon during the course of the robbery. 

 The trial court entered its judgment on February 27, 2001, and Appellant filed his notice of
appeal on February 28, 2001.


Application of Anders v. California


 Appellant's counsel has filed a brief in which he states that this appeal is frivolous and without
merit. Counsel also mailed a copy of his brief to Appellant along with a notice that Appellant could file
a pro se response if he so desired. This court also notified Appellant of his right to file a response to
counsel's brief, but he has not done so. The deadline for filing a response has now passed.

 In compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)
and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969), Appellant's counsel states that he has
diligently reviewed the record in this case and concludes that the record reflects no reversible error and
that there is no error upon which an appeal can be predicated. Additionally, in compliance with Anders,
Gainous, and Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), counsel presents a detailed
chronology of the procedural history of the case as well as a professional evaluation of the record from
indictment to conviction.

 We have also conducted an independent review of the record for reversible error and found
none. The record reflects no procedural or evidentiary irregularities requiring reversal, and the evidence
is legally and factually sufficient to sustain the conviction. We therefore conclude that the appeal is
frivolous. As required by Stafford, Appellant's counsel has moved for leave to withdraw, and we
carried the motion for consideration with the merits of the appeal. Having done so and found no
reversible error, the motion for leave to withdraw filed by Appellant's counsel is hereby granted, and
the judgment of the trial court is affirmed.

Opinion delivered February 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


(DO NOT PUBLISH)