NO









NO. 12-05-00065-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MICHAEL
CASTLE,            §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            Appellant,
Michael Castle, was convicted for possession of more than four grams but less
than two hundred grams of a controlled substance, methamphetamine.  The jury sentenced him to imprisonment for
twenty years.  In two issues, Appellant
contends that the trial court erred in denying his motion to suppress evidence
and in failing to include a jury instruction regarding certain evidence.  We affirm.

 

Background

            Appellant was arrested and charged
by indictment with possession of more than four grams but less than two hundred
grams of methamphetamine.[1]








  The evidence at trial showed that Tyler
police received an anonymous call about a disturbance at an apartment.  Tyler police officer Craig Shine and two
other officers responded immediately. 
The officers met the apartment owner at the door, and he gave them
permission to enter.  Shine made a
cursory walk through the one bedroom apartment to assess security and
discovered a number of people in the apartment, including Appellant.  The officers found no evidence of a
disturbance, but they saw a pipe used to smoke methamphetamine sitting on the
coffee table in the middle of the room. 
The officers also observed what Shine described as an “astonished look
on everybody’s face . . . like we had just walked into the middle of something
. . . a look on their face as if you’ve interrupted something, and they
know what it is and you don’t.”  Shine
described the situation as “a little bit unnerving.” 

            During their investigation, the
officers spoke with each person in the apartment.  Shine’s attention was drawn to Appellant, who
was “very nervous” and held his hands over his front pants pockets.  Shine saw that the pockets were “bulging.”  Shine spoke with Appellant for a moment and
then did a patdown of Appellant’s outer clothing to determine whether he had a
weapon.  Shine detected an object in each
of the pockets Appellant had attempted to cover.  Appellant told Shine that the long, hard
object in his right front pocket was his sunglasses case.  He also told Shine that the soft bag in his
left front pocket was a “doc kit” and that Shine could take it out of his
pocket.  Shine testified that he then
removed an artificial leather pouch containing several items, including rolling
papers that could be used for smoking marijuana.  

            Shine continued “getting [Appellant’s]
information from him.”  As other officers
arrived for backup, Shine asked Appellant to step outside because of the “confusion”
between the officers and the other people in the living room.  Shine and Appellant stepped outside the
apartment to continue their discussion. 
Due to Appellant’s continued nervousness, Shine asked  Appellant if he possessed “anything illegal.”  Appellant said he had “speed,” which Shine
understood to mean methamphetamine, in his right front pants pocket.  Shine opened the sunglasses case and found
six plastic baggies, all of which contained a controlled substance.  Subsequent testing established that the six
baggies contained a total of 4.39 grams of methamphetamine.  

            The jury found Appellant guilty of
possession of a controlled substance as charged in the indictment.  The jury sentenced Appellant to imprisonment
for twenty years.  This appeal followed.

 

Suppression of Evidence

            In
his first issue, Appellant contends that the trial court erred in failing to
suppress the methamphetamine found in his pants pocket. Specifically, Appellant
argues that Shine’s search of Appellant was the result of an illegal detention
for which he lacked “reasonable suspicion” and that the anonymous tip failed to
provide adequate justification for the detention.  Appellant contends that, because the initial
detention was illegal, the evidence discovered in the subsequent search should
have been suppressed.

Standard of Review

            A
trial court’s ruling on a motion to suppress evidence is reviewed under an
abuse of discretion standard.  Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  In reviewing a trial court’s ruling on a
motion to suppress, a reviewing court must give “almost total deference to a
trial court’s determination of historical facts” and review de novo the court’s
application of the law of search and seizure. Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
Where a trial court does not make explicit findings of historical fact,
the reviewing court examines the evidence in the light most favorable to the
trial court’s ruling and assumes the trial court made implicit findings of fact
that are supported in the record.   Balentine,
71 S.W.3d at 768.

Applicable Law

            The
Fourth Amendment to the United States Constitution prohibits unreasonable searches
and seizures.  U.S. Const. amend. IV. 
The Texas Constitution contains a similar prohibition.  See Tex.
Const. art. I, § 9.  It is well
established, however, that a law enforcement officer may approach a citizen
without reasonable suspicion or probable cause to ask questions and even to
request a consent to search.  Johnson
v. State, 912 S.W.2d 227, 236 (Tex. Crim. App. 1995) (citing Florida
v. Royer, 460 U.S. 491, 497-98, 103 S.Ct. 1319, 1323, 75 L.Ed.2d 229
(1983)).  While an officer is free to approach
a citizen and ask questions, the citizen is also free to not answer the
questions.  Johnson, 912
S.W.2d at 236.  

            A
police officer may also briefly stop a suspicious individual to determine his
identity or to maintain the status quo momentarily while obtaining more
information.  Gurrola v. State,
877 S.W.2d 300, 302 (Tex. Crim. App. 1994). 
A temporary detention requires reasonable suspicion.  See id.  Such a detention may be reasonable if (1) the
officer’s action was justified at its inception and (2) the detention was
reasonably related in scope to the circumstances that justified the
interference in the first place.  Terry
v. Ohio, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889
(1968).  To justify a temporary
detention, the officer must have specific articulable facts that, in light of
his experience and general knowledge, taken together with rational inferences
from those facts, would reasonably warrant the intrusion on the citizen.  Gurrola, 877 S.W.2d at
302.   There must be a “reasonable
suspicion” by the officer that some activity out of the ordinary is occurring
or has occurred, some suggestion to connect the detained person with the
unusual activity, and some indication that the activity is related to a
crime.  Id.  The reasonable suspicion determination is
made by considering the totality of the circumstances.  Balentine, 71 S.W.3d at
769.  Moreover, an officer who is
justified in believing that an individual is armed and presently dangerous may
conduct a patdown search to determine if the suspect is carrying a weapon.  Terry, 392 U.S. at 27, 88 S.Ct.
at 1883; see also Balentine, 71 S.W.3d at 769.  

Analysis

            In
this case, the record shows that the police officers went to the apartment in
response to an anonymous disturbance call, and the owner gave them permission
to enter.  Therefore, the officers were
legally in the apartment.  The officers
discovered several people in the apartment, including Appellant.  The officers were entitled to detain these
people to determine whether there had been a disturbance in the apartment.  The people in the apartment, including
Appellant, were acting suspiciously. 
Additionally, the officers saw a pipe used to smoke methamphetamine
sitting on the coffee table in the middle of the living room.[2]   Criminal possession of drug paraphernalia
provided the police with articulable facts which supported a reasonable
suspicion that some criminal act was occurring or had occurred and that the
surprised people in the apartment might be connected to the crime.  These facts provide further justification for
the officers to detain the apartment’s occupants.

            The
arresting officer observed that Appellant was attempting to cover his bulging
front pants pockets with his hands.  This
additional fact justified the officer’s patdown search of Appellant.  One of Appellant’s front pants pockets
contained a long, hard object.  The
officer’s subsequent inquiry to Appellant about the nature of the object, which
Appellant identified as a sunglasses case, was a legitimate question.  Since Appellant was not under arrest, he
could have declined to answer.  Appellant’s
other front pants pocket contained what Appellant identified as a “doc kit,”
which he gave permission for the officer to remove and open.  Therefore, that search was legal.  After the officer found rolling papers in the
“doc kit,” he asked if Appellant possessed “anything illegal.”  In response, Appellant told the officer about
the methamphetamine.  This question was
also legitimate, but Appellant could have declined to answer.  Having volunteered the information that he
had illegal drugs in his pants pocket, the officer’s seizure of the drugs was
legal.  Because the initial detention and
search were legal, the trial court did not err in failing to suppress the drugs
seized.  Appellants’ first issue is
overruled.

 

Failure to Give Requested Charge

            In his second issue, Appellant
contends that the trial court erred in failing to include in the jury charge a
requested jury instruction regarding the illegal search of Appellant’s person.

Applicable
Law

            Article 38.23 of the Texas Code of
Criminal Procedure prohibits the admission in a criminal trial of unlawfully
obtained evidence.  Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon 2005).  When a factual
dispute arises about how evidence was obtained, the trial court must instruct
the jury to disregard the evidence if it believes, or has a reasonable doubt,
that the evidence was unlawfully obtained. 
Id.; Balentine, 71 S.W.3d at 773.  The evidence that raises the issue may be
either strong, weak, contradicted, unimpeached, or unbelievable.  Muniz v. State, 851 S.W.2d 238,
254 (Tex. Crim. App. 1993).  However,
there must be some evidence to raise the issue. 
Id.  If there is no
dispute about the facts, the legality of the search is a question of law for
the court, not a question of fact for the jury. 
Lackey v. State, 638 S.W.2d 439, 454 (Tex. Crim. App.
1982).

Analysis








             At the charge conference, Appellant read into
the record his proposed jury charge, which included the instruction authorized
by article 38.23.  The trial court held
an extensive hearing on the request.  The
court ruled that there was no factual issue raised by the evidence regarding
the legality of the seizure of the methamphetamine and denied the requested
instruction.  Appellant contends that the
search was unlawful because the officers were called to the apartment to
investigate an anonymous disturbance call that “proved to be a total wild goose
chase.”  However, the reliability of the
anonymous tip is irrelevant to the seizure of Appellant’s methamphetamine.  The officers requested and obtained the
permission of the apartment owner to enter and investigate the disturbance
call.  After seeing the methamphetamine
pipe, the officers spoke to the occupants of the apartment.  Further, Appellant admitted to the officer
during their conversation that he possessed methamphetamine.  Therefore, the methamphetamine was lawfully
obtained.

            Despite Appellant’s strong cross
examination, no disputed facts were developed regarding the seizure of the
methamphetamine.  Therefore, we hold that
the trial court did not err in denying the requested instruction.  Appellant’s second issue is overruled.

 

Ineffective Assistance of Counsel

            Appellant’s appellate counsel notes
in Appellant’s brief that Appellant wanted to contend on appeal that his trial
counsel provided ineffective assistance. 
Counsel properly noted in Appellant’s brief that the Supreme Court has
established a two prong test for ineffective assistance of counsel.  See Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  Under the first prong of the Strickland
test, an appellant must show that counsel’s performance was “deficient.”  Id.  Under the second prong, an appellant must
show that the “deficient performance prejudiced the defense.” Id.  Appellate counsel admits that Appellant
cannot establish either prong of Strickland.  We consider this issue in accordance with Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We have reviewed the record for reversible
error related to ineffective assistance of counsel and have found none.








 

Conclusion

            Having overruled Appellant’s two
issues, we affirm the judgment of the trial court.

 

                                                                                    SAM GRIFFITH                                                                                                              Justice

Opinion
delivered June 14, 2006.

Panel consisted of Worthen, C.J., Griffith, J., and
DeVasto, J.

 

 

(DO
NOT PUBLISH)











[1]  See Tex.
Health & Safety Code Ann. §§ 481.102(6), 481.115(a) (Vernon 2003
& Supp. 2005).





[2]  Possession of
drug paraphernalia is a criminal offense. 
See Tex. Health &
Safety Code Ann. § 481.125 (Vernon 2003).