**Abatement Order filed December 17, 2013.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-13-00229-CR
_____

### ORLEAN AYERS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 321010176

## ABATEMENT ORDER

This is an appeal from the denial of relief following post-conviction DNA testing. Appellant's court-appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. Appellant has made known to this court his desire to review the record and file a pro se brief. *See Anders v. California*, 386 U.S. 738 (1967); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

The clerk's record was filed March 19, 2013. Pursuant to this court's order, the Harris County District Clerk's office provided appellant with a copy of the record. Appellant reviewed the record and requested that the record be supplemented. *See* Tex. R. App. P. 34.5(c). We granted appellant's motion in part and ordered the Harris County District Clerk to file a supplemental clerk's record, which was filed October 1, 2013. Included in the record is an affidavit from a clerk stating that some of the documents could be located, including appellant's motion for "objection for the preservation of appellate review pursuant to art. 64.04" dated February 5, 2013.

Appellant has reviewed the supplemental record and he now requests further supplementation, asking that we order the record supplemented with a copy of the lost document referenced above, and he provided a copy of the missing document which is attached to this order. On November 19, 2013, this court requested that the State file a response to appellant's motion on or before December 6, 2013. No response has been filed. Accordingly, we issue the following order:

Rule 34.5(e) of the Texas Rules of Appellate Procedure provides:

If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must—on any party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

Accordingly, the trial court is directed to conduct a hearing to determine, whether by agreement or the trial court's finding, what constitutes an accurate copy of the missing item, appellant's motion for "objection for the preservation of appellate review pursuant to art. 64.04" dated February 5, 2013. The court is directed to reduce its findings to writing and to have a supplemental clerk's record

2

containing those findings filed with the clerk of this court, together with an accurate copy of the missing item on or before **January 10, 2014**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

PER CURIAM