ACCEPTED
14-14 01018
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/2/2015 7:25:05 PM
CHRISTOPHER PRINE
CLERK

# COURT OF APPEALS

# FOURTEENTH JUDICIAL DISTRICT

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/2/2015 7:25:05 PM
CHRISTOPHER A. PRINE
Clerk

# HOUSTON, TEXAS

JENNIFER ANNE THOMAS,
    APPELLANT               *

                             *

VS.                         *    **NUMBER 14-14-01018-CR**

                             *

                             *

THE STATE OF TEXAS,      *

    APPELLEE               *

## APPELLANT'S BRIEF SPECIFYING ERROR OF WHICH APPELLANT COMPLAINS ON APPEAL

## APPEALED FROM THE 400TH JUDICIAL DISTRICT COURT OF FORT BEND COUNTY, TEXAS
## IN CAUSE NUMBER 14-DCR-065587
## THE HONORABLE MAGGIE PEREZ-JARAMILLO, PRESIDING
## ORAL ARGUMENT <u>NOT</u> REQUESTED

Maloney & Parks, L.L.P.
Zachary S. Maloney
TBN 24030761
2925 Gulf Fwy Ste. B #295
League City, Texas 77573
(713) 228-2277 Tel.
(866) 838-5656 Fax.
ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

**For Jennifer Anne Thomas, APPELLANT:**

Trial counsel:
Tommy James Stickler, JR
235 W. Sealy
Alvin, Texas 77511
Phone: (281) 331-5288
TBA#00794988

Appellate counsel:
Zachary S. Maloney
2925 Gulf Fwy Ste. B #295
League City, Texas 77573
Tel:   (713) 228-2277 Tel
Fax:   (866) 838-5656 Fax
TBN# 24030761

**For the State of Texas, APPELLEE:**

Trial and Appellee Counsel:

Mr. Rodolfo Ramirez
Texas Bar No. 24048749
Assistant District Attorney
Ms. Jenna Rudoff
Texas Bar No. 24080343
Assistant District Attorney
301 Jackson
Richmond, Texas 77469
Telephone: 281.341.4460

**TABLE OF CONTENTS**

Identity of Parties and Counsel.......pg. ii

Table of Contents...........................pg. iii

Index of Authorities.......................pg. iv

Statement of the Case....................pg. 1

Issue 1 Presented...........................pg. 2

Issue 2 Presented...........................pg. 2

Issue 3 Presented...........................pg. 2

Issue 4 Presented...........................pg. 2

Issue 5 Presented...........................pg. 2

Summary of Facts......................... pg. 2

Certificate of Counsel................... pg. 4

Summary of the Argument............pg. 5

Issue 1 Restated...........................pg. 7

Issue 2 Restated...........................pg. 7

Issue 3 Restated...........................pg. 10

Issue 4 Restated...........................pg. 11

Issue 5 Restated...........................pg. 12

Prayer..........................................pg.14

Certificate of Service....................pg. 14

Certificate of Compliance.............pg. 15

# INDEX OF AUTHORITIES

**Case Law**:

United States Supreme Court Cases:
Anders v. California, 386 U.S. 738 (1967)

Texas Case Law:
Gainous v. State, 436 S.w.2d 137 (Tex.Crim.App.1969)
Stafford v. State, 813 S.W.2d 503 (Tex.Crim.App.1991)

Texas Statutory Law:
Article 26.13 of Texas Code of Criminal Procedure
Article 37.07 of Texas Code of Criminal Procedure
§31.03(e)(7) Texas Penal Code
§34.02(e)(4) Texas Penal Code
Rule 408 Texas Rules of Evidence
Rule 410 Texas Rules of Evidence

CITATIONS TO THE RECORD

Clerk's Record Note: (CR and page number)


Reporter's Record: (R.R. Volume and Page number)

**To THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

Comes Now, Jennifer Anne Thomas, Appellant in this cause, by and through her attorney of record, Zachary S. Maloney, and pursuant to the provisions of Tex.R.App.Pro. 38 et seq., files this brief on appeal.

## STATEMENT OF THE CASE

On August 29th, 2014, Jennifer Anne Thomas, hereinafter referred to as Appellant, entered a non-negotiated plea of guilty before the Associate Judge for the 400th Judicial District Court of Fort Bend County (RR Vol. 2 pg 5). Appellant stood charged by a two count indictment with committing the offenses of Theft and Money Laundering (RR Vol. 2 pg 4 & 5). There was also three other indictments that alleged fraudulent use of indentifying information, theft and misapplication of fiduciary funds. Appellant pled guilty in the instant with the understanding the State would dismiss the other three indictments arising from the instant case. Vol. 3 pgs.7 & 8). On December 19th, 2014, the State proceeded on counts one and two of the indictment for Theft and Money Laundering (RR Vol. 3 pgs.8,9.). The range of punishment for counts one and two of the indictment were both of a first degree felony. Vol. 2 pgs. 5 & 6).

The trial court accepted Appellant's non-negotiated plea of guilty and immediately ordered a Pre-Sentence Investigation report to be made to consider as punishment

1

evidence for the sentencing hearing.

On December 19th, 2014, the punishment phase began and was completed the same day after both sides rested. The Court returned with a punishment verdict sentencing Appellant to thirty (30) years confinement in the institutional division of the Texas Department of Criminal Justice and an order of restitution (RR Vol. 3 pg. 76). Appellant timely filed a notice of appeal on December 22nd, 2014 (CR).  Appellant now brings this matter for appeal before this Court.

**Issue 1**:　　Whether the indictment filed was sufficient in Appellant's case.

**Issue 2**:　　Whether the trial court substantially complied with the requirements of Article 26.13 of the Texas Code of Criminal Procedure.

**Issue 3**:　　Whether there was any reversible error committed during the punishment phase.

**Issue 4**:　　Whether there is evidence to support Appellant's guilty plea.

**Issue 5**:　　Whether Appellant was provided with the effective assistance of counsel by her trial counsel.


## SUMMARY OF FACTS

In August 2011, Jennifer Thomas was hired by Mr. Raymond Cummings, owner of Sierra Chemical Company, as their accountant. From October 1st, 2011, through

November 30th, 2013, Appellant forged approximately 115 checks by signing them as Mr. and Mrs. Cummings. Mr. Cummings testified that Appellant stole from him an estimated amount of $326,000. Testimony by Det. Ron Fields showed Appellant deposited her ill-gotten gains into her own personal bank account, her mother's account, and to pay for purchases from hotels and casinos, jewelry stores, IRS fees, and her own bills.

Det. Fields testified that Appellant also took out two individual loans under the pretense of being for Sierra Chemical Company. The first loan was for $150,000. The second loan was for an additional $150,000. Both loans had deposits made into her and her husband's bank accounts.

The record also shows that starting October 1st, 2011, the Defendant was on felony probation for Harris County for second-degree theft. Testimony from the victim of that case, Grant Stephenson, showed that Appellant was arrested in 2009 and charged with stealing less than $200,000 from a company similar to that of Sierra Chemical. Mr. Stephenson testified that Appellant stole from him personally and his company, an amount just under $200,000. Mr. Stephenson testified that he ultimately had to close down his business, fire his employees, and continues having to pay off creditors, loans, and money to the IRS due to Appellant's actions.

# CERTIFICATE OF COUNSEL

Pursuant to the requirements of **Anders v. California, 386 U.S. 738 (1967)**, and **Gainous v. State, 236 S.W.2d 137 (Tex.Cr.App. 1969)**, Appellant's counsel states the following:

I, Zachary S. Maloney, counsel of record for Appellant JENNIFER ANNE THOMAS, do hereby state that I have diligently searched the record in this cause and have researched the law applicable to the facts and issues contained therein, and it is from my professional evaluation that no reversible error is reflected within the record. Therefore, I am of the professional opinion that this appeal is without merit and frivolous. Appellate counsel has made every effort to locate any possible error within the record in compliance with the applicable law pertaining to appeals of this type, and I have not been able to identify or set forth one (1) possible point of error that may arguably support an appeal.

I have sent a copy of this brief to the Appellant, accompanied by a letter informing the Appellant of her right to examine the entire appellate record for the purpose of filing a pro se brief. A copy of this letter has been attached to this brief.

Because counsel is unable to raise any arguable issues for appeal, he is required to move for leave to withdraw, **Stafford v. State, 813 S.W.2d 503**

4

**(Tex.Crim.App.1991)**.  Accompanying this brief is counsel's motion to withdraw on these grounds.

/s/ Zachary S. Maloney

Zachary S. Maloney
Attorney for Appellant

## Summary of the Argument

Counsel's professional evaluation arrives at the conclusion that no reversible error is contained within the record.  The indictment filed against Appellant properly tracked §31.03(e)(7) and §34.02(e)(4) of the Texas Penal Codes for the offenses of theft and money laundering both greater than $200,000.00 and it properly granted jurisdiction to the district court Appellant was tried in.  Article 26.13 of the Texas Code of Criminal Procedure was complied with substantially by the trial court.

Appellant chose to enter a non-negotiated guilty plea before the court, with the election that the Judge would be selected to assess punishment at the conclusion of a punishment hearing (RR Vol. 2 pgs. 3-5).  Appellant was admonished orally by the associate judge for the 400th District Court that she faced a potential range of punishment as that of a first degree felony (RR Vol 2 pgs. 3-5 and C.R.-Written Plea Admonishments).  The record is clear that Appellant freely and voluntarily entered her

5

guilty plea, and an inquiry was made about such by the trial court (RR Vol. 2 pg 6). The record further indicates that Appellant was not or had not ever been treated for any mental health ailments prior to these proceedings (RR. Vol. 2 pg. 7). The record is clear that Appellant possessed a sufficient level of intelligence to understand the proceedings against her.

There were not any pretrial rulings sought by trial counsel or made by the trial court. The punishment hearing tried to the trial court consisted of evidence and testimony from Grant Stephenson, a prior victim, Ronald Fields, the detective of the instant case, and Raymond Cummings, the victim in the instant case. Appellant admitted that she committed the offenses of theft and money laundering as stated in the indictment and did not dispute the amount in controversy below the first degree amount (RR Vol. 3 pgs. 63-64).

The evidence presented during the punishment hearing sufficiently demonstrated that Appellant freely participated in the offenses as charged in the indictment.

Trial counsel was faced with a very difficult task in determining on how best to advise Appellant on whether or not Appellant should enter a guilty plea. Appellant's guilt left little doubt. Trial counsel from the record zealously and effectively represented Appellant throughout the course of Appellant's trial court proceedings. There was no reversible error discovered during the proceedings of the punishment

hearing.

**Issue 1 Restated:** Whether the indictment filed was sufficient in Appellant's case.

**Sufficiency of the Indictment**

Appellant was originally indicted on March 3, 2014 under a two count indictment for the offenses of theft and money laundering both greater than $200,000.00. These offenses constituted first degree felony offenses.

The indictment, properly tracked §31.03 (e)(7) and §34.04(e)(4)of the Texas Penal Codes, of the statutes for theft and money laundering both greater than $200,000.00. The indictment was presented during the statute of limitations periods for both offenses. There were no errors on the face of the indictment itself, and there were no pretrial motions made to quash the indictment by trial counsel brought to the trial court's attention.

**Issue 2 Restated:** Whether the trial court substantially complied with the requirements of Article 26.13 of the Texas Code of Criminal Procedure.

**Article 26.13 of Texas Code of Criminal Procedure**

Appellant entered a non-negotiated guilty plea before the trial court on August

7

29, 2014 freely and voluntarily (RR Vol. 2 pgs 6). Prior to accepting Appellant's guilty plea, the trial court admonished Appellant as to the proper range of punishment that she faced on the record (RR Vol. 2 pgs. 7-8). The range of punishment for this offense was to be not less than five years confinement or no more than ninety-nine years or life, in the Texas Department of Criminal Justice Institutional Division, and a fine not to exceed $10,000 (RR Vol. 2 pgs. 6-7).

Appellant, with the assistance of trial counsel, had the opportunity to review a written plea admonishment packet that detailed the range of punishment as that of a first degree felony (RR Vol. 2 pg. 4). The trial court made reference to written plea admonishments that were signed by Appellant and her trial counsel detailing the constitutional and statutory rights afforded to Appellant (RR Vol. 2 pgs. 8). The trial court did orally inform Appellant prior to Appellant's plea that the range of punishment is that of a first degree felony (RR Vol 2 pgs. 5-8). Therefore, the written Defendant's plea of guilty, waivers, stipulations, and judicial confession clearly should indicate according to the record available, that all parties involved definitely understood, that per the trial court's oral admonishments, the agreed range of punishment was that of a first degree felony.

The Appellant was orally informed by the trial court that by virtue of her non-negotiated plea of guilty, Appellant had waived her right to a jury for the guilt-

innocence phase of the trial(RR Vol. 2 pg. 5). Appellant however had chosen to proceed into the punishment phase with the trial court chosen to assess punishment (RR Vol. 2 pg. 5). There currently is no indication that Appellant is not a United States citizen and subject to deportation as a result of this current conviction per her testimony. Therefore the voluntariness of the plea as in regards to any immigration consequences is not at issue. The trial court upon questioning Appellant regarding the understanding of her rights and her ability to respond to said questioning led the trial court to the conclusion that Appellant was mentally competent to enter a guilty plea (RR Vol. 2 pg. 7).

The clerk and reporter's records are both silent as to any pretrial motions for competency that were raised by Appellant's trial counsel. By all accounts, Appellant seemed to fundamentally comprehend the proceedings that were taking place as evidenced by her ability to coherently testify on her own behalf during the punishment phase.

Therefore the trial court substantially complied with the provisions of Article 26.13 in properly informing Appellant of the complete range of punishment that she faced and by informing Appellant of any possible collateral consequences of her plea of guilty. Appellant, on the record and in writing, waived her right to a jury trial as to determining guilt-innocence. Appellant is an American citizen and not subject to

deportation or removal from the United States of America.

## PRETRIAL RULINGS

There were not any pretrial rulings that were brought before the trial court or adversely ruled on against the Appellant in this matter.

**Issue 3 Restated:** Whether there was any reversible error committed during the punishment phase.

## PUNISHMENT HEARING

The punishment phase of the trial commenced on December 19, 2014. Counsel thoroughly reviewed the reporter's record of the direct and cross examinations conducted by both trial counsel and the State. Any objections that were made by either party were properly ruled on by the trial court.

Counsel's review of the proceedings during the punishment hearing did not uncover any objections that were made by or ruled upon against Appellant that were improperly decided.

### Fundamental Error

Counsel did not discover from the record any fundamental error. There was no fundamental error present; therefore trial counsel did not have any such error to bring

to the trial court's attention. Appellant was charged by indictment as a first degree felony offense. The range of punishment for a first degree felony is confinement in the Institutional Division of the Texas Department of Criminal Justice for a minimum of five (5) years and a maximum of 99 years or life. A fine not to exceed $10,000.00 is also possible. The trial court's sentence of thirty (30) years confinement is within the defined range of punishment for this level of offense.

The written judgment accurately reflects that Appellant pled to and was convicted of the offense as stated in the indictment of the Texas Penal Code. The written judgment states that Appellant pleaded guilty to the charged offense. The judgment correctly lists that the sentence imposed on December 19th, 2014, was thirty (30) years confinement in the Texas Department of Criminal Justice. Appellant was properly granted time credited towards her sentence.

**Issue 4 Restated:** Whether there is evidence to support Appellant's guilty plea.

**Sufficiency of the Evidence**

There does not appear from the record that the proper jurisdiction in this case was some jurisdiction other than Fort Bend County. The evidence and witnesses presented during the punishment phase all proved the date of the offense as alleged in the

11

indictment. The State presented three witnesses during the punishment hearing that provided testimony and insight into the acts committed by Appellant that gave rise to her plea of guilty. Mr. Raymond Cummings testified regarding his monetary loss caused by the Appellant (RR 3 Vol. pgs 47, 50). Det. Fields testified as to the checks and loan payments that were deposited into Appellant's accounts and those of her husband and mother. Mr. Stephenson testified as to the harm he received when Appellant worked for him prior to acts in the instant case. Appellant through her testimony confirmed the economic loss perpetuated on Mr. Cummings (RR Vol. 3 pgs. 63 & 64). The evidence submitted at the punishment phase was sufficient to establish that Appellant had been involved in and committed the fraud charge for which she admitted guilt.

**Issue 5 Restated:** Whether Appellant was provided with the effective assistance of counsel by her trial counsel.

**Effective Assistance of Counsel**

Trial counsel, from the record available, zealously and effectively represented Appellant. Appellant from counsel's review of the record received effective assistance of counsel at the trial/punishment hearing and throughout trial counsel's representation based upon the record provided.

Appellant was investigated by Det. Fields of the Fort Bend County Sheriff's Department shortly after being identified by Mr. Cummings who had called to report the theft. Det. Fields discovered numerous extravagant expenses on Appellant's bank and credit cards statements. Appellant also confessed her theft to Mr. Cummings. Given this fact scenario, there was little that could be done to dissuade any fact finder that Appellant was not guilty of the charged offense.

The ultimate decision to enter a guilty plea appears voluntary on the part of Appellant, and that decision more than likely was entered into upon the advice of counsel. Trial counsel attempted to challenge evidence presented by the State at the punishment hearing. Appellant's testimony and trial counsel's closing argument confer the hope that the trial court would return with a sentence closer to the statutory minimum for a first degree felony. The record does not clarify if the Appellant's felony theft probation was pending. Nor is the record clear if that prior probation was a deferred or a probation conviction. Ultimately the trial court returned with a punishment verdict that exceeded the Appellant's desires.

Trial counsel could at best only hope to persuade the trial court that Appellant should only be confined to a term near the punishment minimum. The record indicates that Appellant freely and voluntarily chose to enter a guilty plea, and that Appellant chose to have the trial court assess her punishment.

There is no suggestion that Appellant did not understand the consequences of her plea or was misled in any fashion by trial counsel as to what the results of her actions could lead to. There was no reversible error discovered from counsel's review of the record in its entirety as pertaining to Appellant receiving ineffective assistance of counsel.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court permits him to withdraw after this Court's own examination of the record in this cause and to afford Appellant her right to file any pro se brief she may wish to file.

Respectfully submitted,

/s/ Zachary S. Maloney

Zachary S. Maloney
TBN: 24030761
2925 Gulf Fwy. Ste. B 295
League City, Texas 77573
Tel: (713) 228-2277
Fax: (866) 838-5656

## **CERTIFICATE OF SERVICE**

I, Zachary S. Maloney, Attorney at Law, 2925 Gulf Fwy. Ste. B #295, League City, Texas 77573, do hereby certify that Appellant's Brief Specifying Error of Which

Appellant Complains on Appeal, was served on the Fort Bend County District Attorney's Office, on May 26th, 2015.

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief was prepared in Microsoft Word using 14-point font.  Excluding those portions not counted towards word limitations, this document contains 2877 words.