

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | | |
|---|---|---|
| MATTHEW KAYLIN IVERSON, | § | No. 08-23-00105-CR |
| Appellant, | § | Appeal from the |
| v. | § | 198th District Court |
| THE STATE OF TEXAS, | § | Of Kerr County, Texas |
| Appellee. | § | (TC# B21-131-Count 1) |

### MEMORANDUM OPINION

### BACKGROUND

Appellant challenges the revocation of his probation for aggravated assault with a deadly weapon. TEX. PENAL CODE ANN. § 22.02(a)(2). Iverson's counsel has filed an *Anders* brief in support of a motion to withdraw. We grant counsel's motion to withdraw and affirm the judgment of the trial court.[1]

The State indicted Appellant with two counts of aggravated assault with a deadly weapon in cause number B21-131. Iverson signed a judicial confession and waiver and consent to stipulations in which he pled guilty to both counts in the indictment. In February 2022, Iverson was placed on deferred adjudication for five years. In January 2023, the State filed a motion to

---

[1] This case was transferred from our sister court in Bexar County, Texas pursuant to the Texas Supreme Court's authority under Chapter 73 of the Government Code. *See* TEX. GOV'T CODE ANN. § 73. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

proceed requesting the trial court adjudicate and sentence Iverson. The State alleged Iverson committed twenty-four violations of conditions of probation. After finding twelve violations true, the trial court entered judgment convicting Iverson on count one of aggravated assault with a deadly weapon. The trial court sentenced Iverson to 18 years' confinement.

On appeal, Appellant's counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). In *Anders*, the United States Supreme Court recognized that counsel, who had been appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744. As such, counsel was permitted to withdraw after informing the court of his conclusion and efforts made in arriving at that conclusion. *Id.*

Here, Appellant's counsel has filed a motion to withdraw as counsel along with a brief concluding the appeal is frivolous and without merit. The brief satisfies the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Id.* As required by the Texas Court of Criminal Appeals, Appellant's counsel has certified to this Court that he has provided copies of the motion and brief to Appellant, advised Appellant of his right to examine the appellate record and file a pro se response, notified Appellant of his right to seek discretionary review should we find his appeal frivolous, provided a motion to assist Appellant in obtaining the record, and supplied Appellant with this Court's mailing address. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744.

We have thoroughly reviewed the record, along with the *Anders* brief, and we agree with counsel's professional assessment that the record does not present any meritorious grounds for review. Accordingly, we find the appeal frivolous.

We affirm the trial court's judgment and grant counsel's motion to withdraw.

YVONNE T. RODRIGUEZ, Chief Justice

August 18, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)

3