

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROY MILES FORD, | § | No. 08-22-00139-CR |
| Appellant, | § | Appeal from the |
| v. | § | 33rd Judicial District Court |
| THE STATE OF TEXAS, | § | of Burnet County, Texas |
| Appellee. | § | (TC# 49738) |

## MEMORANDUM OPINION

Appellant appeals his conviction and sentence for the felony possession of methamphetamine in an amount of 400 grams or more with intent to distribute. Ford's counsel filed an *Anders* brief in support of a motion to withdraw as Appellant's counsel. We grant counsel's motion and affirm the judgment of the trial court.[1]

Appellant was indicted on July 9, 2019, for the offense. A guilt/innocence jury trial was held on June 6, 2022. The trial court proceeded to sentence him to 55 years' imprisonment in the Texas Department of Criminal Justice following a finding of guilt and a finding that Appellant used a deadly weapon in committing the offense.

---

[1] This case was transferred from the Third Court of Appeals pursuant to the Texas Supreme Court's authority under Chapter 73 of the Government Code. *See* TEX. GOV'T CODE ANN. § 73. We follow the precedent of the Third Court of Appeals to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

On May 18, 2023, Appellant's counsel filed an *Anders* brief indicating that although "Appellant may have a claim he might pursue on a post-conviction application for writ of habeas corpus for ineffective assistance of counsel where he would have the opportunity to further develop the record[,]" there is no issue upon which an appeal would likely succeed. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Gainous v. State*, 436 S.W.2d 137, 137 (Tex. Crim. App. 1969). In *Anders*, the United States Supreme Court recognized that counsel appointed to represent the appellant in an appeal from a criminal conviction had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744. As such, counsel was permitted to withdraw after informing the court of his conclusion and efforts made in arriving at that conclusion. *Id.*

Here, Appellant's counsel has filed a motion to withdraw as counsel along with the *Anders* brief. The brief satisfies the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Id.* As required by the Texas Court of Criminal Appeals, Appellant's counsel has certified to this Court that he has provided copies of the motion and brief to Appellant, advised Appellant of his right to examine the appellate record and file a pro se response, notified Appellant of his right to seek discretionary review should we find his appeal frivolous, provided a motion to assist Appellant in obtaining the record, and supplied Appellant with this Court's mailing address. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744.

On May 26, 2023, Appellant filed a pro se motion for access to the appellate record, which was filed in this Court on June 7, 2023. On June 28, 2023, the trial court sent the clerk's record to Appellant, and the court reporter sent Appellant the reporter's record, which reached the receiving post office box on July 17, 2023. Having received no brief from Appellant by August 16, 2023, this Court set the case for submission on September 6, 2023, and advised Appellant that he would

have ten days from August 16, 2023, to submit his pro se brief, after which this Court would resume consideration of the appeal on his counsel's *Anders* brief.

To date, Appellant has not filed a pro se brief. After thoroughly reviewing the record and the *Anders* brief, we find no grounds for reversible error. Accordingly, we find the appeal without merit.

We affirm the trial court's judgment and grant counsel's motion to withdraw. Because the trial court's certification of Appellant's right to appeal in this case does not bear Appellant's signature, this Court ORDERS Appellant's attorney, pursuant to TEX. R. APP. P. 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a pro se petition for discretionary review, and to inform Appellant of the applicable deadlines therefor. *See* TEX. R. APP. P. 48.4, 68.2. Appellant's attorney is further ORDERED to comply with all of the requirements of TEX. R. APP. P. 48.4.

LISA J. SOTO, Justice

September 7, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)