NO.
12-05-00202-CR

NO. 12-05-00203-CR

NO. 12-05-00204-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

CHARLES ELROD, §          APPEALS
FROM THE 7TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Charles
Elrod appeals his convictions for intoxication manslaughter and intoxication
assault.[1]  In each case, he entered a guilty plea.  The trial court sentenced him to imprisonment
for life in each case, the sentences to run concurrently.  Appellant’s counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967), and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).  We affirm.

 

Background








            On
June 18, 2002, Appellant caused an automobile accident.  Due to the resulting fatality and injuries,
he was charged by indictment with one count of intoxication manslaughter and
two counts of intoxication assault.  In
each case, Appellant waived his right to a jury trial, stipulated to the
evidence, and pleaded guilty without an agreement as to punishment.  After a presentence investigation and a
sentencing hearing, the trial court found that a deadly weapon was used and
sentenced Appellant to imprisonment for life in each case.  The trial court ordered the three sentences
to run concurrently.

Analysis
Pursuant to Anders v. California

            Appellant’s
counsel filed a brief in compliance with Anders and Gainous,
stating that he has diligently reviewed the appellate records and is of the
opinion that the records reflect no reversible error and that there is no error
upon which an appeal can be predicated. 
He further relates that he is well acquainted with the facts in these
cases.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), Appellant’s brief presents a chronological summation of the
procedural history of the cases, and further states that Appellant’s counsel is
unable to raise any arguable issues for appeal.[2]  We have likewise reviewed the records for
reversible error and have found none.

Conclusion

            As
required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), Appellant’s counsel has moved for leave to withdraw.  We carried the motion for consideration with
the merits of the appeal.  Having done so
and finding no reversible error, Appellant’s counsel’s motion for leave to
withdraw is hereby granted and the trial court’s judgments are affirmed.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion
delivered August 2, 2006.

Panel consisted of Worthen,
C.J. and Griffith, J.

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Throughout the record, including the
judgments, the terms “intoxicated manslaughter” and “intoxicated assault” are
used to refer to the offenses.  However,
the correct names of these offenses are intoxication manslaughter and
intoxication assault.  See Tex. Pen. Code Ann.  §§ 49.07, 49.08 (Vernon 2003).





[2]
Counsel for Appellant certified in his motion to withdraw that he provided
Appellant with a copy of this brief and that Appellant was given time to file
his own brief in these causes.  The time
for filing such a brief has expired and we have received no pro se brief.