NO. 07-06-0255-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 19, 2006

_____

FRANCISCO PERALTA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 242nd DISTRICT COURT OF CASTRO COUNTY;

NO. B2696-0008; HON. ED SELF, PRESIDING

_____

***ON ABATEMENT AND REMAND***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Francisco Peralta appeals his conviction for aggravated assault. On October 6, 2006, appellant's retained counsel filed a motion to withdraw, claiming appellant failed to meet his obligations pursuant to the terms of an employment agreement and failed to provide the requested expenses to pay for the clerk's and reporter's records. So too has

appellant allegedly failed to make payment for a supplemental reporter's record and without this record, counsel posits that he is unable to prepare a brief.

Accordingly, we abate this appeal and remand the cause to the 242nd District Court of Castro County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeal; and,

2.  whether appellant is indigent and entitled to appointed counsel and a free record on appeal.

The trial court shall cause the hearing to be transcribed. Should the trial court find that appellant desires to pursue the appeal, is indigent, and entitled to appointed counsel, we further direct it to either appoint appellant's existing counsel to represent appellant or new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall then file the supplemental record and reporter's record transcribing the hearing with the clerk of this court on or before November 20, 2006. Should further time be needed by

the trial court to perform these tasks, then same must be requested before November 20, 2006.

It is so ordered.

Per Curiam

Do not publish.