NO.
12-06-00206-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

LEON BRADFORD, JR.,    §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

PER CURIAM

            Leon
Bradford, Jr. appeals his conviction for driving while intoxicated.  Appellant’s counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). We affirm.

 

Background

            Appellant
was charged by indictment with driving while intoxicated.[1]  The indictment  contained a jurisdictional paragraph, which
alleged that, prior to the commission of the charged offense, Appellant had
twice been convicted of an offense relating to the operating of a motor vehicle
while intoxicated.  Further, the
indictment included an enhancement paragraph, which alleged that, prior to the
commission of the charged offense, Appellant had been convicted of felony
theft. Because of these jurisdictional and enhancement paragraphs, the offense
of driving while intoxicated is a second degree felony.[2]

            At
a hearing on April 10, 2006, Appellant entered a plea of guilty to driving
while intoxicated charged in the indictment. 
Appellant pleaded “true” to the jurisdictional and enhancement
paragraphs in the indictment.  Appellant
and his counsel signed an acknowledgment of admonishments, a waiver of trial by
jury, a sworn waiver of confrontation and agreement to stipulate, an agreement
to stipulate testimony, and a judicial confession in which Appellant swore that
all allegations pleaded in the indictment was true.  The trial court adjudged Appellant guilty.  After a sentencing hearing, the court assessed
Appellant’s punishment at eighteen years of imprisonment. This appeal followed.


 

Analysis
pursuant to Anders v. California

            Appellant’s
counsel filed a brief in compliance with Anders and Gainous,
stating that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible

error and that there is no error upon
which an appeal can be predicated.  From
our review of counsel’s brief, it is apparent that he is well acquainted with
the facts in these cases. In compliance with Anders, Gainous,
and High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978),
counsel’s brief presents a chronological summation of the procedural history of
the case and further states that counsel is unable to raise any meritorious issues
for appeal.[3] We have likewise reviewed the record for reversible
error and have found none.

 

Conclusion








            As
required by Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991), Appellant’s counsel has moved for leave to withdraw. We carried the
motion for consideration with the merits of the appeal. Having done so and
finding no reversible error, Appellant’s counsel’s motion for leave to withdraw
is hereby granted and the trial court’s judgment is affirmed.

 

Opinion
delivered April 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Tex.
Penal Code Ann. § 49.04(a) (Vernon 2003).





[2] An offense under section 49.04 of the Texas
Penal Code is a third degree felony if it is shown on the trial of the offense
that the person has previously been convicted two times of any other offense
relating to the operating of a motor vehicle while intoxicated. Tex. Penal Code Ann. § 49.09(b)(2) (Vernon
2003). If it is shown on the trial of a third degree felony that the defendant
has been once before convicted of a felony, on conviction he shall be punished
for a second degree felony. Id.
§ 12.42(a)(3) (Vernon 2003). A second degree felony is punishable by
imprisonment for any term of not more than twenty years or less than two years
and, in addition, a fine not to exceed $10,000. 
Id. § 12.33
(Vernon 2003). 





[3] Counsel for Appellant certified that he
provided Appellant with a copy of his brief and that Appellant was given time
to file his own brief in this cause. The time for filing such a brief has
expired and we have received no pro se brief.