COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| RENE FIERRO, | | No. 08-08-00074-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 210th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20020D02241) |
| | § | |

## **MEMORANDUM OPINION**

Rene Fierro appeals his conviction for robbery. Appellant waived his right to a jury trial, and entered a negotiated plea of guilty before the trial court. In accordance with the plea bargain, the trial court found that the evidence substantiated Appellant's guilt, but the court deferred adjudicating Appellant guilty, and placed him on community supervision for a term of ten years. The State later filed a motion to adjudicate guilt, and following a hearing at which Appellant entered a negotiated plea of true, the trial court adjudicated Appellant's guilt and assessed punishment at imprisonment for two years. We affirm.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California,* 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396, *reh. denied,* 388 U.S. 924, 18 L.Ed.2d 1377, 87 S.Ct. 2094 (1967), by advancing contentions which counsel says might arguably support the appeal. *See High v. State,* 573 S.W.2d 807 (Tex.Crim.App. 1978); *Currie v. State,* 516 S.W.2d 684 (Tex.Crim.App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex.Crim.App. 1972); *Gainous v.*

*State,* 436 S.W.2d 137 (Tex.Crim.App. 1969). A copy of counsel's brief has been delivered to Appellant, and Appellant has been advised of his right to examine the appellate record and file a *pro se* brief. No *pro se* brief has been filed.

The record reflects that Appellant was admonished of the consequences of his guilty plea pursuant to Article 26.13 of the Texas Code of Criminal Procedure, and Appellant made a judicial confession admitting his guilt. Based upon the record before us, the guilty plea appears to have been freely and voluntarily made by Appellant. Further, the record reflects that the trial court admonished Appellant of the consequences of entering a plea of true to the motion to adjudicate. The record supports a conclusion that Appellant voluntarily entered a plea of true to the motion to adjudicate guilt.

We have carefully reviewed the record and counsel's brief, and agree that the appeal is wholly frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal. A further discussion of the arguable ground advanced in counsel's brief would add nothing to the jurisprudence of the state. The judgment is affirmed.

July 8, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating

(Do Not Publish)