# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00452-CR

**Jorge Gutierrez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT NO. D-1-DC-10-203162, HONORABLE MIKE LYNCH, JUDGE PRESIDING

### M E M O M A R U N D U M   O P I N I O N

Appellant Jorge Gutierrez was convicted by a jury of capital murder and was sentenced by the court to life imprisonment. On appeal, appellate counsel has filed a brief concluding that the appeal is frivolous and without merit.

Appellant also has filed a pro se brief complaining, in a single issue, that his attorneys were prevented from the intelligent exercise of peremptory strikes of the venire panel because they were not provided with the addresses of potential jurors until the day of trial. The record shows that trial counsel was provided with a list of the potential jurors a week before trial and that had they asked for the addresses at any time before trial, the addresses would have been provided to them. Nothing in the record suggests that counsel was barred from asking questions about the venirepersons' addresses, their living arrangements, or any other line of questioning related to the missing addresses. Nor does the record reflect that necessary background information was missing from the juror list.

Further, there is nothing to indicate that the lack of juror addresses forced counsel to accept unqualified or biased jurors. Counsel did not ask for additional peremptory challenges nor identify any objectionable jurors. There is nothing in the record that counsel did or did not do that would undermine the Court's confidence in the verdict or sentence.

Appellate counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Anders*, 386 U.S. at 743-44; *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).

As discussed above, appellant exercised his right to consult the trial record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972). Having considered appellant's claim, and having reviewed the evidence presented to the jury and the procedures that were observed, we conclude that nothing in the record might arguably support the appeal. We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the judgment of conviction.[1]

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of his case by the court of criminal appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in the Texas Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date this Court overrules the last timely motion for rehearing filed. *See* Tex. R. App. P. 68.2. The petition must be filed with this Court, after which it will be forwarded to the court of criminal appeals along with the rest of the filings in the cause. *See* Tex. R. App. P. 68.3, 68.7. Any petition for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. *See* Tex. R. App. P. 68.4, 68.5.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   August 30, 2013

Do Not Publish