ACCEPTED
06-15-00086-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/14/2015 2:59:58 PM
DEBBIE AUTREY
CLERK

NO. 06-15-00086-CR

## IN THE Sixth COURT OF APPEALS

### OF TEXAS
### At Texarkana

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/14/2015 2:59:58 PM
DEBBIE AUTREY
Clerk

**Samuel Moses Williams**,
APPELLANT
V.
**The State of Texas**,
APPELLEE

# APPELLANT'S BRIEF

On appeal from Cause Number 1421392—1421395
In the 8thDistrict Court
Hopkins County, Texas
Honorable Eddie Norhthcutt, Presiding

Charles E. Perry,
1101 Main Street, Commerce,
Texas 75428 Texas Bar No.
15799700
903-886-0774,fax 9030-886-2043
ATTORNEY FOR APPELLANT

NO ORAL ARGUMENT REQUESTED

# IDENTITIES OF PARTIES AND COUNSEL

Pursuant to the provisions of Rule 38.1(a), Texas Rules of Appellate Procedure, a complete list of the names of all parties to this action and counsel are as follows:

**Parties:**                     Samuel Moses Williams, Appellant

                                 State of Texas, Appellee

**Attorneys for**                Charles E. Perry
**the Appellant:**               Attorney at Law,
                                 1101 Main Street,
                                 Commerce, Texas 75428
                                 (On appeal only)

                                 Roland Ferguson
                                 Attorney at Law
                                 1804 Woodbridge Drive.
                                 Sulphur Springs, Texas 75482
                                 Attorney's Address
                                 (Trial Attorney)

**Attorneys for the State:**     Nicholas Clay Harrison
                                 Jennifer Stine Morse
                                 Assistant District Attorneys,
                                 Hopkins County, Texas
                                 P.O. Box 882
                                 Sulphur Springs, Texas 75482

# TABLE OF CONTENTS

PAGE

IDENTITIES OF PARTIES AND COUNSEL ......................................................... ii

TABLE OF CONTENTS…………………………………………………..…iii

INDEX OF AUTHORITIES..................................................................iv

STATEMENT OF THE CASE ........................................................................1

SUMMARY OF FACTS…………………………………………………….2-3

PROFESSIONAL EVALUATION OF RECORD……………………………………….3-10

PRAYER………………………………………………………………………11

CERTIFICATE
SERVICE…………………………………………………………………...12

# INDEX OF AUTHORITIES

CASES                                                                    PAGE

*Anders v. California*, 386 U.S. 738 (1967) ....................................................... 4

*Brooks* v. *State*, 323 S. W. 3d 893………………………………….....................5

*Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969) ............................ 4

*Griffin v. State*, 614 S.W.2d 155 (Tex.Crim.App. 1981) ............................... 3

*Hooper v. State*, 214 S.W. 3d 9,13(Tex.Crim.App.2007)………………….…….5

*Jackson v. Virginia*, 443 U.S. 307 (1979) ...................................................... 5

*Leday* v. *State*, 983 S.W.2d 713, 718 (Tex.Crim.App. 1998)………………………7

*Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991)……………………….10

*Turro v*.State, 867 S.W. 2d 43, 47(Tex.Crim.App. 1993)………………………….5


## CODES, RULES AND CONSTITUTIONAL PROVISIONS

Tex.R.App.Pro. 38 ......................................................................................... 1

Tex.R.App.Pro. Rule 38.1(a) ......................................................................... ii

Tex.R.Evid., Rule 801(d)……………………………………………………7-8

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, Samuel Moses Williams, Appellant in this cause, by and through his attorney of record, Charles E. Perry and, pursuant to the provisions of TEX. R. APP. PRO. 38, *et seq.*, files this brief on appeal.

## STATEMENT OF THE CASE

Appellant was indicted on four counts of sexual indecency with a child. (CR, pp. 17 and 31) on #1424392, (CR 29-30) on #1424393, (CR 5) on # 1434394, (CR 5 on # 1424395. Appellant entered a plea of not guilty on all indictments, but on April 7, 2015, a jury found him guilty on all indictments. (CR, p.107) on # 1424392, (CR.93 and 94) on # 1424393, (CR 93 and 94) on # 1424394 and (CR 93 and 94) on # 1424395. After a punishment trial, the court assessed a 20-year sentence on each verdict with the first two judgments of conviction to run concurrently and the latter two judgments of conviction to run consecutively. (CR, p.107).Appellant gave timely written notice of appeal on May 19, 2015.(CR,p.117) on #1424392, (CR 99) on # 1424393, (CR 99) on # 1424394 and (CR 99) on # 1424395. This brief is due to be filed on or before July 28, 2015.

## SUMMARY OF THE FACTS

Appellant lived in a trailer park and was neighbors to the two complaintant's 12 year old twins K-a and K-e. During the month of October 2014, only the Appellant and the K-a and K-e were alone with the Appellant in the back room of his trailer where K-a and K-e testified that the Appellant committed the acts complained of and made the basis of the four indictments for indecency with a child in this case. The minor girls testified that the Appellant's inappropriate touching of them on their buttocks, breasts and private parts started and was done initially under the guise of the fact that they were wrestling. The minor child K-a wrote a (out-cry) letter detailing the complained of acts and gave the letter to a woman who was a neighbor (witness) and looked after the minor girls from time to time who later went to the authorities. After being taken into custody, the Appellant made a statement that was video recorded and which statement implicated himself for the acts of indecency with a child for which he stood trial under the four indictments in the instant case. After a jury found the Appellant guilty on all four indictments, there was a punishment trial before the court and without the jury. At punishment the state presented evidence of a prior sexual crime

committed by the Appellant as a juvenile for which he was ultimately sent to the Texas Youth Commission and for failing to register as a sex offender committed as an adult for which after being placed on community supervision was later incarcerated. The Appellant did not testify during the punishment phase but several people who knew the Appellant did and said that he was not a violent person and did not need a long period of incarceration.

PROFESSIONAL EVALUATION OF THE RECORD

Counsel has reviewed the appellate record in this cause and reluctantly concludes that as a matter of professional judgment, the record contains no reversible error and no jurisdictional defects are present. Where counsel concludes that there are no arguable grounds for reversal, he is required to present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738 (1967); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

**Sufficiency of the Evidence**

The two [Complainant's], K-a and K-e's, account of the sexual encounters with Appellant (Vol. 6 p. 52 line 6 to p. 117 line 11) was fairly consistent with K-a's writing or outcry letter she gave to her neighbor Sadie Burnett (State exhibit 7 admitted in Vol. 6 p. 33). Also, it can be argued that the Appellant implicated himself squarely within the purview of the four indictments in the instant case by the video statement that he gave to the law enforcement authorities and was admitted into evidence in ( State exhitbit 5

Vol.5p.271).While the defense sought to impeach [Complainant's] credibility, the evidence is reviewed in the light most favorable to the verdict. The evidence in this case is therefore legally sufficient to support the allegations. *Jackson v.Virginia*,443 U.S. 307(1979); *Griffin v .State*, 614 S.W.2d 155 (Tex.Crim.App.1981). *Brooks* v. *State*,323 S.W.3d 893,895(Tex. Crim. App. 2010). Deference is given to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper* v *State*, 214 S.W.3d 9, 13(Tex.Crim.App.2007). When faced with conflicting evidence, there is a presumption that the tryer of fact resolved any such conflict in favor of the prosecution, and there is deference to that resolution. *Turro* v.*State*, 867 S.W. 2d 43, 47 (Tex. Crim. App. 1993).

**Voir Dire**

The defense and state agreed to strike a venireperson for cause (Vol. 5, p.165 and 166). The defense moved to strike a venireperson for cause and after a valiant effort to rehabilitate the venireperson the court granted the defense motion to strike to venireperson for cause. (Vol. 5, pp. 182-186). The defense made a motion to strike a venireperson (Vol. 5, p. 195: lines 7-8) and the court sua sponte struck the venireperson without objection from the state (Vol.5,p195).The defense challenges for cause to two venirepersons was therefore granted. There were no other issues raised during the voir dire proceedings and no fundamental error was made.

**Trial Objections**

There was an objection to a statement by witness Dennis Findley who was an investigator with the Hopkins County Sheriff's office. The objection was to relevance with respect to a question as to whether it was standard procedure to go out and get a SANE nurse when the case was only a touching case and after saying he was not a SANE examiner and it was not standard procedure, he was asked to give a little bit of a picture of what that entails and

the defense objected on relevance. The state said that it was relevant since he chose not to ask for such an exam and the objection by the defense was overruled. (Vol. 5. P. 245).

There was an objection to a statement by witness Sadie Burnett on the grounds of hearsay which was sustained.(Tex.R.Evid. 801(d)). The court granted the defense motion for an instruction for the jury to disregard the statement and answer which was granted and such instruction was given. There was actually no answer articulated, so there was actually no hearsay answer and no need to ask for a mistrial. (Vol. 6, pp. 3-15; p. 31 line 1). The defense therefore was able to get all the relief that was necessary. This is especially true since the question was not answered." [O}verruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained of ruling." *Leday* v. *State*, 983 S.W. 2d 713, 718(Tex. Crim. App. 1998).

**Punishment Trial and Notice of Extraneous Acts**

In the sentencing phase of the trial, there was an objection to juvenile probation violations but objection was overruled on the basis that the violations were the basis for the ultimate probation revocation.(Vol. 7, p. 29 lines 4-25 and p.30 line 1). There was an objection to an investigator's hearsay statement

that was sustained (Tex. R. Evid. 801(d). (Vol. 7, p. 53 lines 19-25 and p. 54 lines 1-10).Later there was an objection to a witness restating the question and the objection was overruled(Vol 7, p.61, lines 14-20). The defense objected to a question as to whether the witness would leave their daughters with the Appellant and the objection was overruled(Vol.7, p.65 lines 21-25 and p.66 line 1). There was an objection the state's question as whether there anything else about the girls' behavior and the objection was sustained. (Vol.7, p. 82, lines 18-22).

During the sentencing phase of the trial before the court the defense made several objections. The defense objected to a question with regard to the appellant's violations while he was on juvenile probation, but was overruled by the court they were the basis of his ultimate revocation.(Vol. 7, p 29 lines 4-25 and p.30 line 1). The defense's next objection was sustained to hearsay offered by an investigator.[Tex. R. Evid. 801(d)] (Vol.7,p 53 lines 19-25 and p. 54 lines 1-10). The defense made an objection to a witness restating the question and was overruled (Vol.7,p.61 lines 14-20). The state asked the witness, if you had daughters would you leave them with Mr. Williams (appellant) and the defense objected but  was overruled.(Vol.7,p.65 lines 21-

15 and p. 66 line 1). The defense objection was sustained when the state inquired of the witness if there was anything else about the behavior of the complainants (girls). (Vol.7,p.83 lines 18-22). It would seem that with respect to the questions asked by the state where the defense objection was sustained, there was nothing so prejudicial to warrant a reversal of the case and this would also seem to be the case with respect to the questions by the state where to objection was overruled. This is true since the sentencing was before the court and not the jury and the evidence in the guilt/ innocence stage was compelling.

Notice of State Intent to Introduce Prior Convictions During Sentencing was given (CR 39) as were Notice of other, crimes, wrongs and Acts (CR 99).

**Jury Instructions**

The guilt/innocence jury instructions track the language of the indictment, and trial counsel stated that he had no objections to the jury charge. (Vol.6,p.175 line 8). Trial counsel did object to an omission in the jury punishment instructions, but the court amended them in accordance with the

objection. (Vol.6, p.7). Neither charge is defective.

## Conclusion

Because counsel is unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App.1991).Accompanying this brief is counsel's motion to withdraw on these grounds.

PRAYER FOR RELIEF

*WHEREFORE, PREMISES CONSIDERED*, Counsel respectfully prays that this Court permit him to withdraw after this Court's own examination of the record in this cause and to afford Appellant his right to file any *pro se* brief he may wish to file.

Respectfully submitted,


/s/ Charles E. Perry
Charles E. Perry
1101 Main Street
903-886-0774.
fax: 903-886-2043
email:elyww@aol.com


ATTORNEY FOR APPELLANT


**CERTIFICATE OF COMPLIANCE WITH T. R. C. P. 9.4(i)(3)**

Relying on Microsoft word's count feature used to create the Appellant's Brief, I certify that the number of words contained in the brief is 2,149 and the type used is 14 font.


/s/ Charles E. Perry
Charles E. Perry

# CERTIFICATE OF SERVICE

By affixing my signature above, I hereby certify that a true and correct copy of the foregoing APPELLANT'S BRIEF, was delivered via electronic delivery to the Hopkins County District Attorney's Office, P.O. Box 882, Sulphur Springs, Texas 75482, on this 14th day of July, 2015.

/s/ Charles E. Perry
Charles E. Perry