RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 22 2015

Abel Acosta, Clerk

NO. _____

| | | |
|---|---|---|
| **LEE WEST, PETITIONER** | § | **IN THE COURT OF** |
| | § | |
| **VS.** | § | **CRIMINAL APPEALS** |
| | § | |
| **STATE OF TEXAS** | § | **OF TEXAS** |

## PETITION FOR LEAVE TO FILE OUT OF TIME PETITION FOR DISCRETIONARY REVIEW

**TO THE HONORABLE JUDGES OF SAID COURT:**

Now comes LEE WEST, Petitioner, in the above styled and numbered cause, and moves leaves to file out of time, of 30 DAYS FROM NOTICE OF AFFIRMANCE OF PETITIONER'S CONVICTION, a petition for discretionary review, and for good cause shows the following:

1.   On JULY 23, 2015, the Court of Appeals affirmed Petitioner's conviction. LEE WEST v. State, No. 121400170-CR, In the 12th Court of Appeals, of Texas. The petition for discretionary review is therefore due on AUGUST 22, 2015.

2.   Petitioner was represented by counsel on appeal to the Court of Appeals. Petitioner is proceeding pro se in this proceeding and has been proceeding pro se since his appellate counsel filed the brief on appeal in the Court of Appeals and notified the Court that he was no longer representing Petitioner on the direct appeal.

3.   Counsel has been unable to complete the petition for the following reasons: Appellate Counsel notified the Court of Appeals he no longer represented Petitioner on filing of the brief. The Clerk notified Counsel, and not Petitioner of the Court's decision on direct appeal, notwithstanding the Clerk having Petitioner's address for notice and service. Petitioner did not receive notice of the Court of Appeals AFFIRMING until September 23, 2015. This motion is filed currently with the filing of the instant petition for discretionary review.

3.   Defendant is currently free on bond. Petitioner, however, will be in custody on October 27, 2015 as the court has ordered his appearance on that date to surrender on the instant conviction.

**WHEREFORE, PREMISES CONSIDERED**, Petitioner respectfully requests an extension of 30 DAYS FROM NOTICE TO PETITIONER OF THE AFFIRMANCE ORDER BY THE COURT OF APPEALS, i.e. until October 23, 2015, to file a petition for discretionary review.

Respectfully submitted,

LEE WEST
663 Peabody Road
Bruceville, Texas 76630
(903) 312-0461 (PHONE)
PETITIONER PRO SE

## CERTIFICATE OF SERVICE

This is to certify that on October 23, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office,

SMITH COUNTY DISTRICT ATTORNEY

100 NORTH BROADWAY AVENUE

TYLER, TEXAS 75702, by mail.

LEE WEST, PETITIONER PRO SE

CASE NO. _____

IN THE
COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 22 2015

Abel Acosta, Clerk

EX PARTE

GREGORY LEE WEST

On Petitioner for Discretionary Review from the 12th Court of Appeals

At Tyler, Texas, Appeal No. 12-14-00170-CR

**GREGORY LEE WEST'S ORIGINAL PETITION**

**FOR DISCRETIONARY REVIEW**

TO:   THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS

GREGORY LEE WEST, Petitioner Pro Se, ("Petitioner"), petitions this Court for

discretionary review of of the decision granting Appellate counsel's Anders Brief in the 12th

Court of Appeals, which opinion was issued July 22, 2015, and in support of such review

Petitioner would show this Court as follows:

JURISDICTION

This Court has jurisdiction to hear this petition. The judgment of the Court of Appeals

was issued July 22, 2015, but the judgment included in it an order to Appellate counsel to notify

Petitioner of the filing of the Anders brief prior to that judgment being issued. Appellate counsel

failed to notify Petitioner of the filing of the Anders Brief, and as a result Petitioner merely

waited to have the Court of Appeals determine the merits of the appeal. Recently, however, Petitioner was ordered to appear in the County Court where his conviction was obtained, on October 27, 2015. That notice was for Petitioner to surrender to begin serving his 240 day sentence. Prior to receiving that notice, however, Petitioner was served a copy of this Court's judgment issued July 22, 2015. He has been in the process of preparing this petition since as a pro se litigant as appellate counsel has been permitted to withdraw from representation. Filed concurrently with the filing of this petition is Petitioner's motion for leave to file an untimely petition for discretionary review, however a petition that is filed within 30 days of notice of the entry of judgment by the Court of Appeals. Petitioner proceeds, pro se, and in good faith reliance on the rule of law. No party will be prejudiced by this Court exercising jurisdiction in this matter.

## PROPER FILING OF PETITION

Pursuant to Rule 68.3 Tex.R.App.Proc. Petitioner is filing, in person, this petition within the 30 days he is allowed for such filing after notice of the Court of Appeals decision on direct appeal. Again, Petitioner is in substantial compliance with the rules.

## TABLE OF CONTENTS

PROCEDURAL HISTORY

PROPER FILING OF PETITION

TABLE OF CONTENTS

TABLE OF AUTHORITIES

STATEMENT REGARDING ORAL ARGUMENT

STATEMENT OF THE CASE

STATEMENT OF PROCEDURAL HISTORY

GROUNDS FOR REVIEW

ARGUMENT

PRAYER FOR RELIEF

TABLE OF AUTHORITIES

ANDERS v CALIFORNIA, 386 US 738 (1967)

GAINOUS v STATE, 436 SW2D 137 (Tex.Cr.App. 1969)

STATEMENT REGARDING ORAL ARGUMENT

Oral argument would assist the Court in ferreting out the true record of the proceedings in the Court of Appeals. Petitioner, a non-lawyer, has relied upon the reality that clients rely on the advice of their counsel. Petitioner was unaware of what an Anders Brief was at its filing, nor the ability of him, as a pro se objection to such filing, to file his own reasons why the brief should not have been filed. The relief sought by this review is not with reference to the judgment entered by the Court of Appeals, but rather, a review of the due process requirements not met in the entry of that judgment. As such, this review shall not consist of the merits of the Anders Brief, rather the due process denied Petitioner in its entry. The relief sought is not on the merits

of the conviction, rather, whether this case should be REMANDED to the Court of Appeals to permit Petitioner an opportunity to exercise his rights in the Anders Brief procedure required by law. Oral argument will assist the Court in determining what Petitioner knew and when he knew it, something that cannot be readily discerned from the cold record of the proceedings below.

## STATEMENT OF THE CASE

Petitioner was convicted of driving while intoxicated and sentenced to 240 days in county jail. Appellate counsel filed an Anders Brief after conviction, and Petitioner was not accorded the due process required be extended to any defendant/appellant whose counsel files a no issue brief on appeal. This review seeks only to have the appeal REMANDED to the Court of Appeals for further proceedings with Petitioner participating, and with Petitioner having extended to him the due process the law requires.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals opinion was issued July 22, 2015. Petitioner was not aware of the entry of judgment until September 23, 2015 when appellate counsel notified him of the judgment and sent him a copy. There was no motion for rehearing or rehearing en banc as Petitioner was unaware of entry of judgment until September 23, 2015, too late to file such motion(s). Concurrently with the filing of this petition Petitioner has filed a motion for leave to file an out of time petition for discretionary review.

## GROUNDS FOR REVIEW

At a bare and forgiving minimum due process requires that a defendant/appellant who is represented by counsel on his first appeal of right, whose counsel files an Anders Brief, is permitted to object to that brief and explain to the Court the justiciable issues raised from the

record of the trial. The Court of Appeals will consider this argument as a part of its decision whether to grant or deny the Anders Brief. Due process demands this participation, ie., the fundamental due process protections: notice and an opportunity to be heard. Petitioner was denied notice and an opportunity to be heard in this case as required by law. All Petitioner was aware of at the time of the filing of the Anders Brief was that his counsel had filed a brief, and counsel had moved to withdraw. Petitioner was never contacted by the Court of Appeals as to the Anders Brief procedure, or the necessity of him filing a brief in opposition.

## ARGUMENT

Appellate counsel filed an Anders Brief pursuant to ANDERS v CALIFORNIA, 386 US 738 (1967) and GAINOUS v STATE, 436 SW2D 137 (Tex.Cr.App. 1969). The Court of Appeals AFFIRMED. WEST v STATE, (No. 12-14-00170-CR)(Tex.App.-12th Dist @ Tyler, Tx. July 22, 2015). Counsel affirmed he followed his duty under the law by notifying Petitioner of the filing of the brief, This may very well have been, but Petitioner was never advised of his responsibility to file an opposition to the Anders Brief, pro se. The Court of Appeals, in entering judgment and AFFIRMING the conviction, never made a finding that Petitioner received notice and voluntarily waived his right to file his opposition to the Anders Brief filed by counsel.

It is axiomatic that Petitioner has the constitutional right to file an opposition to the Anders brief. ID., ANDERS, supra. Likewise, it is axiomatic that this right is a due process right which if abridged is grounds for vacating the judgment entered by the 12th Court of Appeals. All Petitioner seeks to accomplish by this petition is to have the direct appeal REMANDED to the Court of Appeals, to the end that Petitioner be permitted to brief in opposition to the Anders brief filed by his counsel. Of course Petitioner must remain on the appeal bond he posted.

In addition thereto, however, this is a DWI prosecution. The record of the trial will reveal that Petitioner was seen by arresting officers sleeping in his car at the time of arrest. He was not driving, but the presumption was that he had driven to the place where he was arrested. A sample of Petitioner's breath was taken while he was in custody, and it was above the legal limit for intoxication in Texas, and still the evidence was insufficient to support Petitioner's conviction. There was no question but that Petitioner was sleeping when first encountered by officers. A breath sample was eventually taken, but there was no evidence, at all, as to what Petitioner's blood alcohol content was at the time he was operating a motor vehicle. The State presented no retrograde extrapolation evidence to determine what the blood alcohol content was at the time of Petitioner operating a motor vehicle. It is not illegal in Texas to be intoxicated, even legally over the intoxication limit, while in a police station giving a breath sample or in a motor vehicle sleeping. It is only a DWI case sufficient for conviction when the defendant is operating a motor vehicle WHILE INTOXICATED, and there is no evidence Petitioner was guilty on that basis. Accordingly, there is justiciable argument to be made on the record facts, record facts not advanced by Appellate Counsel, and record facts not concluded by the Court of Appeals. Accordingly, the Petitioner's direct appeal is not frivolous and goes to the very center of the State's failure to prove each and every element of the offense beyond a reasonable doubt.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays this Court enters an Order granting discretionary review, to the end that the judgment of the 12th Court of Appeals is vacated, to the end that this matter is REMANDED to the Court of Appeals for further proceedings. Additionally, Petitioner prays he be retained on appeal bond until final disposition of this appeal. Petitioner prays for any and all such other relief to which he may have shown himself entitled, including general relief.

Respectfully submitted,

GREGORY LEE WEST, PRO SE

663 Peabody Road

Bruceville, Texas 76630

(903) 312-0461 (Home)

## CERTIFICATE OF SERVICE

I, Gregory Lee West, certify that on October 22, 2015 a true and correct copy of this Petition for Discretionary Review was duly served on the Smith County District Attorney, 100 Broadway Avenue, Tyler, Texas 75702 via regular mail.

GREGORY LEE WEST