

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00155-CR

MADISON RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLANT

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2020-419,122, Honorable William R. Eichman, II, Presiding

April 20, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

After Appellant, Madison Rodriguez, was convicted by a jury of aggravated assault of a family member with a deadly weapon causing serious bodily injury, she was sentenced to fifty years' confinement.[1] Rodriguez then brought this appeal. Her counsel filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(b)(1) (first-degree felony).

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

The record reflects that Rodriguez caused the death of a one-year-old child, M.R.,[3] in June 2015. Detectives interviewed Rodriguez in the intervening hours after M.R.'s injuries were initially reported. During that interview, Rodriguez repeatedly referred to M.R. in the past tense, even before she was told that M.R. had died. When Rodriguez was informed that M.R. had died, she cried for a little more than four minutes.

After the medical examiner concluded M.R.'s death was a homicide, detectives re-interviewed Rodriguez. After three hours of questioning during which Rodriguez provided various explanations for the causes of M.R.'s death, she eventually admitted that she had slammed M.R. to the ground with enough force to cause the child's injuries. According to one testifying witness, Rodriguez said she threw the child on the couch because she was having an argument with her boyfriend.

At trial, Richard Christian Fries, D.O., a deputy medical examiner with the Tarrant County Medical Examiner's Office, reviewed the autopsy and opined that M.R.'s skull had been fractured in the right occipital area causing hemorrhaging around the area of the fracture. Dr. Fries answered in the affirmative when asked whether slamming a child to the floor in a manner consistent with Rodriguez's description would be sufficient to cause the described injuries.

Appellant's counsel certified that after diligently searching the record, he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 286 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In a letter,

---

[3] Because the victim is a child, we use the child's initials.

Appellant's counsel notified her of his motion to withdraw, provided her with a copy of the motion, the *Anders* brief, a copy of the appellate record, and informed her of her right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter mailed December 4, 2020, this Court also advised Appellant of her right to file a pro se response to counsel's *Anders* brief. Appellant did not file a response.

We have carefully reviewed counsel's *Anders* brief and conducted an independent review of the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal. Like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review, we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[4]

Lawrence M. Doss
Justice

Do not publish.

---

[4] Counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to like a pro se petition for discretionary review. *See* Tex. R. App. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.

3