

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MICHAEL DEWAYNE SMITH, | § | No. 08-22-00008-CR |
| Appellant, | § | Appeal from the |
| v. | § | 12th District Court |
| THE STATE OF TEXAS, | § | of Walker County, Texas |
| Appellee. | § | (TC# 29452) |

## O P I N I O N

A jury convicted Michael Dewayne Smith of robbery. After finding enhancement allegations of prior felony convictions to be true, the jury assessed a sentence of seventy years in prison. The trial court entered judgment of conviction in accordance with the jury's verdict. Smith appealed his conviction and sentence. We affirm.

### I. BACKGROUND

A grand jury indicted Smith for robbery in violation of the Texas Penal Code. TEX. PENAL CODE ANN. § 29.02. The grand jury also alleged that Smith had two previous convictions, which enhanced the robbery charge from a second-degree felony to a first-degree felony. *Id.* § 12.42(b). A jury convicted Smith after a two-day trial, and he elected to have the jury determine his punishment. The trial court instructed the jury that the range of punishment it could consider based

on the offense and Smith's criminal history was "a term of imprisonment for no less than twenty-five (25) years and no more than ninety-nine (99) years or for life and a fine of no more than $10,000." After hearing evidence regarding Smith's personal and criminal history, including Smith's true plea to the two previous convictions alleged in the indictment, the jury sentenced him to seventy years in prison. This appeal followed.

## II. FRIVOLOUS APPEAL

Smith's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, has no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744. Counsel was therefore permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id.*

After a thorough review of the record, counsel in this case has concluded that Smith's appeal is frivolous. Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record that demonstrates why there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 744. Also, in accordance with the *Anders* requirements, counsel filed a motion to withdraw.

In the motion to withdraw, counsel certified that he delivered a copy of the brief and motion to withdraw to Smith. Additionally, counsel advised Smith of his right to review the record and file a *pro se* brief. *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex. Crim. App. 2014) (setting forth duties of counsel). Counsel also notified Smith of his right to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds the appeal is frivolous. Counsel provided Smith with a copy of the trial court documents and testimony. Counsel additionally provided a pro

2

se "Motion Requesting Appellate Record" for Smith to obtain the necessary records to file a brief. Smith has not filed a brief or any other response.

After counsel files a proper *Anders* brief, the court of appeals conducts an independent review of the record to ascertain if there are any arguable grounds for the appeal. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). We have thoroughly reviewed the record and counsel's brief in this case. We conclude counsel's professional assessment that the appeal is frivolous and without merit is correct. We further conclude that there is nothing in the record that might arguably support the appeal and a further discussion of the arguable grounds advanced in counsel's *Anders* brief would add nothing to the jurisprudence of the State.

### III. MOTION TO WITHDRAW

We find Smith's counsel has substantially complied with the requirements of *Anders* and *Kelly*. Therefore, we grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318-20. No substitute counsel will be appointed. In the event Smith wishes to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.

Any petition for discretionary review must comply with Rule 68.4 of the Texas Rules of Appellate Procedure. Additionally, any petition for discretionary review must be filed in the Court of Criminal Appeals within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this Court. *See* TEX. R. APP. P. 68.2, 68.3.

## IV. CONCLUSION

We affirm Smith's conviction and sentence.

GINA M. PALAFOX, Justice

July 20, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)