

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00060-CR

---

ANGELICA JOYCE AHERN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 43rd District Court
Parker County, Texas [1]
Trial Court No. CR23-0911, Honorable Craig Towson, Presiding

---

August 8, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Angelica Joyce Ahern, appeals from the judgment revoking her deferred

adjudication community supervision and 20-month sentence of confinement, a $1,000

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

fine and court costs.[2]  Appellant's counsel seeks to withdraw, supported by an *Anders*[3] brief.  We grant counsel's motion and affirm the judgment as modified.

## BACKGROUND

In January 2024, Appellant received three years of deferred adjudication community supervision for unauthorized use of a vehicle.[4]  Ten months later, the State filed a motion to adjudicate guilt, alleging Appellant had failed to comply with six terms of supervision.

Appellant pleaded true to five supervision violations; the State dismissed the sixth. The State also presented evidence of the violations.  In December 2024, the trial court revoked community supervision, adjudicated Appellant guilty, and sentenced her to aforementioned sentence.

## ANALYSIS

In support of her motion to withdraw, appellate counsel certifies that she conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Via an explanatory letter to Appellant, counsel provided Appellant with her motion to withdraw and a copy of her *Anders* brief.  In a notice filed with the Court, counsel certified that a copy of the record

---

[2] TEX. PENAL CODE ANN. § 31.07.

[3] *See Anders v. California*, 386 U.S. 738, 744 (1967).

[4] TEX. PENAL CODE ANN. §§ 12.35, 31.07.

2

was delivered to Appellant. *See Kelly v. State*, 436 S.W.3d 313, 319–20, 320 n.22 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, the Court also advised Appellant of the right to file a pro se response to counsel's *Anders* brief. Appellant filed a response presenting a narrative of background facts and expressing her concerns with trial procedure.

We have carefully reviewed counsel's *Anders* brief and Appellant's pro se response and conducted an independent review of the record to determine whether there are any nonfrivolous issues which might support an appeal. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Based on this review, we conclude there are no grounds requiring reversal of Appellant's conviction or sentence.

Although we affirm the conviction, the judgment contains one error requiring correction. The judgment of conviction and bill of costs require Appellant to pay additional fee if court costs are not paid within thirty-one days of the judgment. Texas Code of Criminal Procedure article 102.030(a) requires convicted defendants to pay a $15 reimbursement fee if they pay any fines, court costs, or restitution more than thirty-one days after judgment. TEX. CODE CRIM. PROC. ANN. art. 102.030(a).

The judgment was signed December 18, 2024; Appellant's notice of appeal was filed on January 13, 2025. A defendant's appeal suspends the duty to pay fines, court costs, and restitution, making assessment of a time payment fee premature before the

appellate mandate issues. *Dulin v. State,* 620 S.W.3d 129, 132–33 (Tex. Crim. App. 2021).

We possess authority to modify an incorrect judgment when we have the necessary information to do so. *Campos-Dowd v. State,* No. 07-20-00342-CR, 2021 Tex. App. LEXIS 4553, at *7 (Tex. App.—Amarillo June 9, 2021, no pet.) (per curiam) (citing TEX. R. APP. P. 43.2(b)). Because mandate has not yet issued, we delete the time payment fee from the judgment without prejudice to subsequent assessment. *See Pruitt v. State,* 646 S.W.3d 879, 885–86 (Tex. App.—Amarillo 2022, no pet.).

## CONCLUSION

Counsel's motion to withdraw is granted. As modified, the trial court's judgment is affirmed.[5]

Lawrence M. Doss
Justice

Do not publish.

---

[5] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n. 33.